## THE VILLAGE OF LOUISVILLE

*v.*

## NOAH WEBSTER *et al.*

*Filed at Mt. Vernon January 22, 1884.*

1. MUNICIPAL CORPORATION—*fire limits—removal of wooden build-
ings—powers of municipal authorities.* Under the general Incorporation
law, conferring power upon municipal authorities to prescribe fire limits,
within which wooden buildings shall not be erected or placed or repaired
without permission, and to direct that all and any buildings within such
limits, when damaged by fire to the extent of fifty per cent of the value,
shall be torn down and removed, the authorities are not permitted, in the
first instance, to tear down and remove such a building, or cause the same
to be done, but they are empowered only to direct the tearing down and
removal of such building, and the person to be so directed is the owner.
This must first be done before the corporate authorities may take such strin-
gent measures.

2. RULE OF CONSTRUCTION—*as to powers of municipal corporations.*
A clause in a charter of a municipal corporation giving power to prescribe
fire limits, and direct the removal of all buildings therein which may be
damaged to a certain extent, should receive a strict construction in favor of
the owners of such buildings.

APPEAL from the Circuit Court of Clay county; the Hon.
CHAUNCEY S. CONGER, Judge, presiding.

Mr. D. C. HAGLE, and Mr. F. G. COCKRELL, for the appellant:

Cities and villages are invested with power to prescribe fire limits, and direct that all wooden buildings within those limits, when damaged by fire, decay or otherwise, to the extent of fifty per cent of their value, shall be torn down and removed. Hurd's Stat. 1881, p. 219, sec. 62.

A regulation of the use of property, or a prohibition of its repair when partially destroyed, is not a condemnation to the public use. *Brady* v. *Northwestern Ins. Co.* 11 Mich. 425.

In support of the power of municipal corporations to prevent the erection of wooden buildings within the fire limits, and to cause the removal of such as are damaged fifty per cent, and are unsafe, as nuisances, and as an exercise of police powers, counsel cited *Harvey* v. *Dewoody,* 18 Ark. 252; *Ferguson* v. *City of Selma,* 43 Ala. 398; *Toledo, Wabash and Western Ry. Co.* v. *City of Jacksonville,* 67 Ill. 46; Cooley on Const. Lim. (5th ed.) 471; *Wadleigh* v. *Gilman et al.* 3 Fairf. 403; *King* v. *Davenport,* 98 Ill. 305.

Mr. RUFUS COPE, for the appellees:

The power to declare what shall be a nuisance is not without limit, nor can it be exercised arbitrarily. An old wooden building, notwithstanding a depreciation in value of a certain per cent from age, may be as safe as it ever was, or as the newer structures beside it.

The power to prohibit the erection or repair of wooden buildings within established fire limits is conceded, as a reasonable restriction on the use of property. It is not a taking of property for public use. The destruction of buildings, the erection of which the law has permitted and which usage has sanctioned, and which are recognized as property rightfully created, is a taking of property; and if by the public, for any public use or necessity, it can not be done without compensation, except in clear violation of the constitution.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was a proceeding under section 3 of an ordinance of the village of Louisville, in which there was judgment for the defendant, and the plaintiff (the village) appealed.

The first section of the ordinance establishes fire limits, which embrace that portion of the village immediately surrounding and cornering on the public square, and prohibits the erection or repair of any wooden building within the prescribed limits without permission. Section 2 is: "When any building standing, fronting or cornering on the public square shall become damaged by fire, decay or otherwise, to the extent of fifty per cent of its value, it shall be deemed and is hereby declared to be a nuisance." Section 3 provides that on complaint, under oath, to any justice of the peace, that any building as aforesaid has become damaged, as above named, to the extent of fifty per cent of its value, the justice shall issue a summons to the owner to appear and answer; that on the trial the issue shall be, "Is the property damaged to the extent of fifty per cent of its value," and shall be tried by the justice or a jury, and if the justice shall find, or the verdict of the jury shall be, that the building is so damaged, the justice shall render judgment accordingly, and shall issue a writ to the village constable, commanding him to remove any person in possession, and to tear down and remove the building. Section 4 provides that the village constable, on receiving the writ, shall remove the persons and advertise the building for sale, etc., and the purchaser shall remove the building. The costs shall first be paid out of the proceeds, and the balance be paid to the owner. If there is no purchaser, the constable shall remove the building.

On an appeal, the trial was by the court, without a jury, and the following proposition of law, with two similar ones, was submitted by the plaintiff to be held as law:

"If the evidence shows the building in question stands on the south corner of the west row of wooden buildings on the public square in Louisville, and is damaged to the extent of fifty per cent of the value thereof, by fire, decay or otherwise, then the same is a nuisance, as declared in the ordinance offered in evidence in this case."

—Which propositions the court refused to hold as law, and the plaintiff excepted. The question presented upon the record is on the refusal of these propositions of law.

The village is organized under the general law of the State for the incorporation of cities, towns and villages. That general law provides, that "the city council, and the president and trustees in villages, for the purpose of guarding against the calamities of fire, shall have power to prescribe the limits within which wooden buildings shall not be erected or placed or repaired without permission, and to direct that all and any buildings within the fire limits, when the same shall have been damaged by fire, decay or otherwise, to the extent of fifty per cent of the value, shall be torn down and removed, and to prescribe the manner of ascertaining such damage." And that such authorities shall have power "to declare what shall be a nuisance, and to abate the same." Rev. Stat. 1874, p. 221, sec. 62, subdiv. 62, 75.

Appellee takes a distinction between the erection and repair of a building and the removal or destruction of a building already erected, and while conceding the power in the village to prohibit the erection or repair of wooden buildings within fire limits which have been established, on the ground that that is a reasonable restriction upon the use of property, contends that the destruction of a building which had been rightfully erected is a taking of property, which can not be done by the public, under the constitution, except upon making compensation. However this may be, and in regard to which we express no opinion, we are disposed to hold that

this judgment may be sustained, for the reason that the ordinance under which it was had is defective in its not pursuing the power which had been granted to the village in the premises by the legislature. With respect to the future, there was grant from the legislature to the village authorities of the power to prevent the erection or repair of wooden buildings within the fire limits which might be established; and with respect to the present, as to buildings within the fire limits already erected, there was the grant of power, when the same should have experienced damage or decay to a certain extent, to direct that they should be torn down and removed. The power granted is not *to tear down* and remove the building, nor to *cause* the building to be torn down and removed, but to *direct* that it shall be torn down and removed. This implies, we think, that some person is to be directed to do this, and the person contemplated was, in our opinion, the owner of the building. This is the reasonable construction. The owner of the building being in no fault whatever, having erected his building before the establishment of fire limits, and not knowing that his building would be considered a nuisance until after there had been ascertainment, by judicial inquiry, of the extent to which it had been damaged, it would be quite rigorous, immediately upon the ascertaining of such damage, to proceed to make sale of or tear down and remove the building, without affording the owner an opportunity of preparation for the event by first notifying him to make the removal himself. (Cooley on Torts, 47.) The ordinance, after properly enough prescribing the manner of ascertaining the damage, provides that upon the damage being determined a writ shall thereupon issue to the village constable to remove any person in possession, and to tear down and remove the building. This seems to us to be more summary than warranted by the legislative grant of the power in this respect,—that it required, before this stringency of measure was resorted to, that the owner should first have

been directed to remove the building himself. The construction should be strict in favor of such owner.

The ordinance then being defective in the respect pointed out, the judgment was justified, and it is unnecessary to consider whether the propositions of law submitted were technically correct or not, as, the judgment being right, it should be affirmed.

*Judgment affirmed.*