STATE v. F. R. JOHNSON.

*Municipal Authority—Fire District—Wooden Buildings— Ordinance Prohibiting Repairs of Wooden Buildings.*

1. Municipal corporations may, if there is no law to the contrary, prescribe a fire limit and forbid the erection of wooden buildings within such bounds as they may, by ordinance, prescribe; and, it seems, this may be done by or through the delegated authority of the Legislature, even where the enforcement of the law or ordinance causes a suspension of work previously contracted for.

2. Where the Legislature has granted authority to a municipality to supervise or prevent the replacing of a roof with another of shingles, instead of constructing one of material less liable to destruction, an ordinance forbidding an owner of a building within a prescribed fire limit to alter or repair a wooden building within such limit, without the consent of the Board of Aldermen, is not unreasonable, and will be upheld.

CRIMINAL ACTION, tried before *Boykin, J.,* at Spring Term, 1893, of FORSYTH Superior Court, on appeal from the judgment of the Mayor of the city of Winston.

A jury trial was waived, and the facts agreed are as follows: Defendant was occupying and controlling a two-story wooden frame house with brick basement, situated in the city of Winston, within 1,000 feet of the Court Square, and about the 9th of December, 1892, the house was partially destroyed by fire; that on the 6th of January, 1893, the defendant made a contract with certain builders to have the house repaired at the cost of $490; the original cost of the building, including brick basement, was about $2,000. Shortly after work began under said contract the defendant was arrested, tried and convicted before the Mayor, and on appeal to the Superior Court the case was dismissed on motion to quash the warrant. About the 17th of March, 1893, the defendant, without the consent of the Board of Aldermen, placed said contractors at work again on the building, and he was again arrested and tried before the Mayor and fined, and he appealed from the judgment to the Superior Court. The following ordinances relating to this matter were adopted by said Board: "That for the protection of the city against fire the following ordinances be enacted under chapter 5, as sections 36 and 37 of said chapter 5 of the ordinances of the city: Section 36. That the fire limit shall be the territory from the center of Court Square, extending one thousand feet in each direction; that it shall be unlawful without the consent of the Board for any person or corporation to erect, alter or repair any wooden building within said fire limit, and any person or corporation violating the same shall be fined fifty dollars; that for each day such person or corporation continues to erect, alter or repair such building it shall constitute a separate violation of the ordinance, etc. Sec. 37. That

any person who shall assist in constructing or repairing any building prohibited in above section shall be fined," etc.

There were other sections of the ordinances prohibiting the erection of wooden buildings in the business portion of the city without the written consent of the aldermen, etc., and the fire limit, 1,000 feet from the Court Square, was established, etc.

The defendant appealed from the judgment.

*The Attorney General* and *Messrs. Glenn & Manly*, for the State.

*Messrs. Watson & Buxton*, for the defendant.

AVERY, J.: Municipal corporations are the creatures of the Legislature, and their powers may be curtailed, enlarged or withdrawn at the will of the creator, whose control over them is limited only by the restriction that no statute will be enforced which impairs the obligation of a contract, interferes with vested rights, or is in conflict with any provision of the organic law of the State or nation. It is too well settled to recapitulate, or even justify discussion, that towns certainly by virtue of an express grant of authority to do so, and according to most authorities by implication arising out of the general welfare clause, if there is no general law to the contrary, are empowered to prescribe a fire limit and forbid the erection of wooden buildings within such bounds as they may by ordinance prescribe. 15 Am. and Eng. Enc., 1170; 1 Dillon Mun. Corp., section 405; Horr & Bemis Mun. Ord., section 222; *Keilinger* v. *Bickel*, 117 Pa. St., 326. The weight of authority seems to be also in favor of the proposition that the Legislature has the power to prevent the erection of wooden buildings in such corporations, or to delegate to the municipalities the authority to do so, even where the enforcement of the

law or ordinance causes a suspension of work in the erection of structures of this kind by persons who are carrying out contracts for their erection made previously with the owners of the land. *Cordon* v. *Miller*, 11 Mich., 581; *Ex-parte Fiske*, 17 Cal., 125. Persons, in contemplation of law, contract with reference to the existence and possible exercise of this authority when it is vested in the municipality. *Salem* v. *Magness*, 123 Mass., 574; *Munn* v. *Illinois*, 94 U. S., 113; *Woodlawn Cemetery* v. *Everett*, 118 Mass., 354; *Commissioners* v. *Intoxicating Liquors*, 115 Mass., 153. Upon this same principle all agreements for building are deemed to be entered into in view of the contingency that such power may be granted by the Legislature (when it has not already been delegated) while the contract is still *in fieri.* 15 Am. and Eng. Enc., 1171.

While it might be unreasonable to prohibit even the slightest repairs to wooden buildings standing within the fire limits prior to the passage of a statute or ordinance establishing such limits, the power to prevent repairs is delegated and presumably exercised for the protection of property, and where a wooden structure within the bounds is partially destroyed by fire already it is not unreasonable to require a new roof to be made of material less liable to combustion, or to forbid the repairs altogether when the damage to the building is serious, and to that end to compel the owners to give notice to the town authorities of their purpose to repair, and of the character of the contemplated work. *Village of Lewisville* v. *Webster*, 108 Ill., 414.

We are aware that there is much conflict of authority as to the reasonableness of ordinances forbidding all repairs or the enforcement of them so as to prevent replacing roofs with the same material used before their destruction. Horr & Bemis, section 223 (214); *Brady* v. *Insurance Co.*, 11 Mich., 425; *Ex-parte Fiske, supra.* But in this particular

54

instance the Legislature has granted a municipality the power to supervise or prevent the replacing of the roof with another of shingles instead of constructing one of material less liable to destruction, and we are not prepared to question its authority to do so, since, upon the principle already announced, persons contracting with reference to the chances of the granting as well as the exercise of such powers acquire no vested rights, and afterwards voluntarily incurring all of the risks incident to their situation, have no reason to complain of the loss when it befalls them.

The Court imposed a fine of fifty dollars. There was no attempt to enforce the portion of the ordinance imposing a penalty of ten dollars for every hour the building was permitted to remain. There may be more doubt as to the reasonableness of that provision. *Commissioners* v. *Wilkins*, 121 Mass., 356. But it is not necessary to pass upon a question not fairly raised, and we forbear to do so. The judgment is                                        Affirmed.