[No. 5394.]
[No. 3047 C. A.]

OLMSTEAD v. THE PEOPLE FOR THE USE OF TOWN OF LITTLETON.

1. **Words and Phrases—"Frame Building"—Meaning.**

A frame building consists of a timber frame covered with boards or shingles, and a wooden frame covered with corrugated iron is not a frame building.—P. 33.

2. **Cities and Towns—Ordinances—Building Regulations.**

The erection of a building of which the foundation, the sleepers, studding, floors, joists, windows, doors, casings and frames, and the rafters are to be of wood, and the outside of the end and side walls and the rafters are to be covered with corrugated iron, is not in violation of a city ordinance prohibiting the erection of a frame building.—P. 33.

*Appeal from the County Court of Arapahoe County. Hon. Stephen R. Pratt, Judge.* ·

Elmer Olmstead was convicted of violating a building ordinance, and appeals.

*Reversed and remanded.*

Mr. J. A. FOWLER, for appellant.

Mr. WM. A. BRYANS, Jr., and Mr. GUY LE ROY STEVICK, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

One of the ordinances of the town of Littleton provided that: "No frame building, frame shed or other frame structure shall be erected in fire district No. 1, of the town of Littleton, except as herein provided."

The appellee instituted an action against appellant for the violation of this ordinance. There is no dispute in the testimony, from which it appears that on Sept. 24th, 1903, appellant was constructing, within the fire limits of district No. 1, of the town of Littleton, a building of which the foundation, the sleepers, studding, floors, joists, windows, doors, casings and frames and the rafters were to be of wood. The outside of the end and side walls and the rafters were to be covered with corrugated iron. At the close of the testimony the court instructed the jury to return a verdict finding the defendant guilty of a violation of the ordinance, which was accordingly done and judgment rendered on the verdict. In this the court erred. To hold that the defendant was guilty of a violation of this ordinance is to hold that the building described in the testimony is a frame building. In 19 Cyc., at page 1450, it is said that *frame* as applied to a building means *wooden*. The Century dictionary defines a frame house as being a house constructed with a skeleton frame of timber, covered in with boards and sometimes with shingles.

In the case of *Ward v. City of Murphysboro,* 77 Ill. 549, it appears that the building erected was a wooden frame structure, the south side, ends and roof of which were covered with wooden sheathing and the sheathing covered with corrugated iron, the space between the studding being filled with loose brick. As the building was nearing completion the mayor, marshal and aldermen of the city, assuming

to act for the city, tore it down and appellant brought suit against them, making the city defendant. In that case the third instruction offered by appellants and refused to be given by the court was as follows:

"In this case the court instructs you that unless the building erected by the plaintiffs was a wooden building, then the city authorities had no right to tear it down, and your verdict should be for the plaintiffs, in such sum as the evidence shall show he has sustained, if any, by reason of tearing down such building."

In relation to this instruction the appellate court said:

"The ordinance prohibits the erection of any 'wooden or frame building.' The words 'wooden' and 'frame' are interchangeable, one having the same meaning as the other. A wooden building is a frame building, and a frame building is a wooden building. The instruction substantially stated the law correctly and the court erred in refusing it."

So in this case, where it appears that the building was to be an iron-clad building as distinguished from a wooden one, it is apparent that the erection of it was not in violation of the ordinance, and the court erred in directing a verdict against the defendant. It should have directed a verdict for the defendant.

It may be that buildings of the character of the one described in this case are more dangerous than wooden ones, but their construction is not prohibited by ordinance like the one here presented. If it is desired to prevent the erection of such or other frail structures, the ordinances should so provide.

The judgment of the county court will be reversed and the cause remanded with instructions to dismiss the action.        *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.