## Town of Jamestown v. Allen.

Nov. 8, 1940.

J. C. Carter, Judge.

Marvin J. Sternberg for appellant.

Lilburn Phelps and W. J. Chumbley for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant sought an injunction prohibiting the appellee from "altering, constructing or erecting any frame or wooden building, structure or addition in the fire zone district" of the municipality and to compel him to raze a small frame building which he had moved from its former location and placed next to a brick building owned by him in the restricted area.

The building in question, although originally constructed entirely of wood, except the roof, had been greatly enlarged, entirely covered with metal painted

to resemble brick and, in its new location, underpinned with concrete in front and brick on the sides.

One of the municipal ordinances on which the action was founded provided that, "No person, firm or corporation shall build or construct any frame or wooden building in the fire zone district of Jamestown, Kentucky as hereinbefore ordained." And the other ordinance relied on provided:

"1. That no wall, structure or building be constructed, installed or altered nor shall any building be moved, nor any sign erected, until a permit has been issued by the Board of Trustees.

"2. Applications for any of the permits above mentioned shall be made to the Board of Trustees, in writing and signed by the owner or his agent or architect. The application shall state the location of the building, use for which the building is to be put, type of building, size of building and approximate cost thereof.

"3. Applications for permits will be considered at regular meetings of the Board of Trustees."

We gather from the briefs that the chancellor was of the opinion that the words "frame" and "wooden" as used in the first ordinance were synonymous, and that the second ordinance requiring a permit was invalid because it set forth no standards by which the right to a permit might be determined, and vested the trustees with arbitrary power to grant or refuse it. In any event, after eliminating the second ordinance from the petition on a motion to strike, and hearing testimony as to the manner in which the building referred to had been constructed, moved and altered, he dismissed the petition.

It is urged by counsel for appellant that covering the original wooden building with metal did not change its character, and that the ordinance relating to a fire district is not limited in its scope to wooden frame buildings. We are convinced, however, that the terms "frame" and "wooden" as used in the ordinance are synonymous, and that the only types of building which it was the intention of the framers of the ordinance to prohibit were buildings, the exterior surfaces of which were constructed of wood as distinguished from build-

ings covered with metal, concrete or brick veneer. In one sense every building constructed over an interior frame work is a frame building, but in the absence of more specific language, we are unwilling to hold that only buildings constructed of stone, concrete, brick or other solid substances without interior frame work of wood, were intended to be permitted within the designated area. Olmstead v. People et al., 41 Colo. 32, 91 P. 1113 and Ward v. Murphysboro, 77 Ill. App. 549.

In the latter case, which is quoted with approval in the former, the exact question here presented was considered and it was held that the words "wooden" and "frame," as used in an ordinance prohibiting the erection of any "wooden or frame building," beyond a certain size, were interchangeable, one having the same meaning as the other, and that "a wooden building is a frame building, and a frame building is a wooden building."

Counsel for appellant argues that the ordinance requiring a building permit does not vest arbitrary powers in the board of trustees, since the board is obligated to issue a permit to anyone who files with it an application in the prescribed form "unless the business is one, or the object to be accomplished is one, that is against public morals, health, safety or public policy, or is a wooden building, or for the purpose of carrying out an illegal purpose."

In effect, the argument is that the board would use its power only for the public good; and since it would not exercise the power arbitrarily, it is not arbitrary. But it is under this guise that arbitrary power is most frequently exercised, and the evil sought to be guarded against by the law which pronounces such ordinances as the one under consideration void is not to be measured by the probabilities of the exercise of the power conferred, or the motives inspiring its exercise, but is inherent in the existence of the power. Darlington v. Board of Councilmen of City of Frankfort et al., 282 Ky. 778, 140 S. W. (2d) 392.

Judgment affirmed.