## Middleton, Mayor et al. v. Kavenedas et al.

Oct. 10, 1944.

Gus B. Bruner for appellants.

J. C. Baker and George Reams for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Kavenedas is the operator of the Belmont Hotel and Cafe in Harlan, a city of the 4th class. He furnishes meals, sandwiches, soft drinks and tobacco, and, as provided by law and ordinance, had paid all requisite city licenses for the year 1944. On July 22, 1944, he received notice from the Mayor to appear before the council on July 26, to show cause why his license to do business should not be revoked or suspended, under the provision of Ordinance No. 19.

Conceiving the ordinance to be void Kavenedas filed suit in equity, attacking the ordinance for invalidity, asking that the authorities be temporarily restrained and permanently enjoined from undertaking to cancel his permits. His chief ground was that under the charter of fourth class cities the council was without power to revoke his permits for the year 1944. There was no temporary order made, but on July 29 the defendants (appellants) demurred specially and generally, and the cause was submitted on the demurrers and on merits, and on motion for a permanent injunction. The chancellor considered the whole case, heard arguments and held the ordinance to be invalid, because giving arbitrary powers to the Board and Mayor, and permanently enjoined appellants from proceeding with the proposed hearing. Later appellants moved the trial court to dissolve or modify the permanent injunction, the court overruling. The court had theretofore overruled appellee's demurrers, and the case was submitted without further pleadings. So much of Ordinance No. 19 as is pertinent reads:

"(1) Any person, firm or corporation doing business under any license or permit issued * * * by the City of Harlan, which by act, deed, or condition shall be committed or arise which is a nuisance or obnoxious to the morals and general welfare of the public, such license. shall be revoked at the discretion of the Board of Council * * *

"(2) That the Board of Council shall have the right to revoke or suspend such license, and the right to set aside such revocation and reinstate the same upon satisfactory evidence."

Counsel for appellants argue that as a general principle a municipal corporation has the power under legislative grant to revoke licenses and permits upon suffici-

ent cause with notice, and hearing. That this general statement is correct there can be no doubt. The principle is so well established that it is necessary to refer only to Nourse v. City of Russellville, 257 Ky. 525, 78 S. W. 2d 761, and cases therein cited for a full discussion of the subject, though this case did not involve the right to revoke a license.

There is no question but that the grant of a privilege may be withdrawn by the sovereignty which grants it; this power is ordinarily vested in the granting authority by legislation, or by express conditions embodied in the permit, and the general rule is that a license granted by a board, under statutes authorizing the body to grant, cannot be revoked in the absence of statutory authority, or a specification in the permit. "Where a statute or an ordinance authorizes the revocation * * * for causes enumerated, such license cannot be revoked on any ground other than the cause specified. The generally accepted principle is that license legislation which vests in public officials a discretion to revoke a license to carry on an ordinarily lawful business, without prescribing definite rules and conditions for the guidance of the officials in the execution of the discretionary powers is. invalid." 33 Am. Jur., Licenses, secs. 65-66.

However, we need not discuss general principles. further, since we are of the opinion that our statutes granting powers to cities of the 4th class conclude the question. Appellants admit in brief that there is in the statutes no explicit vested power in the council to revoke a license, but contend that there exists an implied right under the general police power granted to municipalities. KRS 86.140. Further that the word "regulate" as used in KRS 86.120 should be held to include the authority to revoke. This section delegates to the city council the power to license, tax and regulate occupations, trades and professions.

We do not find it necessary to enter into extended discussion on the question as to whether the word "regulate" may be broadened to include the power to revoke, or the extent of police power. The legislature has saved us the trouble, since subsection (3) of section 86.150, KRS, clearly extends to the council the power to define, and manner of dealing with "nuisances." The sub-section with preamble reads: "The city council may * * * Define and declare by ordinance what shall be a nuisance

within the limits of the city, and make it unlawful to cause or permit a nuisance." The least we can say of the ordinance in question is that it does not undertake to define or say what shall constitute a nuisance in the operation of the lawful occupations for which appellee holds a permit or permits. The chancellor correctly concluded that the ordinance granted extraordinary power to the council.

Judgment affirmed.