## City of Pineville v. Helton.

June 1, 1945.

W. L. Hammond for appellant.
Cleon K. Calvert for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

Pineville is a city of the fourth class and has enacted an ordinance authorizing the licensing of places of public entertainment where sandwiches and soft drinks are dispensed, and in connection with which electric Victrolas are operated. The ordinance is not before us and our knowledge of it is gathered from the untraversed allegations of the petition.

In this action for a mandamus, it was alleged by appellee that although he had been engaged in such authorized business at the same location for several years, the clerk of the City to whom appellee, on January 3, 1945, presented an application for a license accompanied by the required fee, refused to issue it on the ground that she had been instructed by the Mayor not to do so. The defense interposed was that two homicides and many lesser offenses had been committed at appellee's place of business; that one of the homicides had been committed by the appellee; that on several occasions he

had been arrested and fined for violating the law; that the street on which appellee's place of business is located has the reputation for being "the scene of more homicides and violations of law than any other of like size in the United States of America"; and that the refusal to issue appellee a license was the result of an effort of the City authorities to ride the City of appellee's club and similar places of bad repute which had likewise been refused licenses. The court sustained a demurrer to the answer, and upon the City's declination to plead further, granted appellee the relief sought. Hence, this appeal.

It would seem obvious that in the absence of prescribed standards or qualifications for applicants which appellee failed or was unable to meet, the clerk was without authority to refuse the license, since "Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic." Constitution of Kentucky, Sec. 2. See also Town of Jamestown v. Allen, 284 Ky. 347, 144 S. W. 2d 807.

However commendable the motives of the Mayor in instructing the clerk to refuse to issue appellee a license, he was clearly without power to do so. If, as alleged, appellee's place of business is a nuisance, the City may institute proceedings to abate it; and if appellee violates the statute law or ordinances of the City, he may be prosecuted. But, under an ordinance such as the one described in the pleadings, appellee had a right, equal to that of all other applicants, to the license which the ordinance authorized.

This action properly should have been instituted against the official charged with the duty of issuing the license; but since the City, which alone was sued, did not raise this question by special demurrer and has not referred to it in its brief, we will regard it as waived.

Judgment affirmed.