## Colyer et al. v. City Of Somerset et al.

December 16, 1947.

**Rehearing denied March 23, 1948.**

E. R. Denney, Judge.

H. C. Kennedy for appellants.

W. R. Jones and C. L. Tarter for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Sam Colyer and Ruby C. Chestnut, appellants, filed a petition seeking a mandamus to require issuance to them of a building permit by the City of Somerset, its mayor and council members, all appellees. The chancellor having refused the mandamus, the petitioners now appeal.

In the course of this trial, the parties stipulated, in substance, that the sole issue of this litigation is one involving the constitutionality of the following provision of a municipal ordinance adopted by the City of Somerset, viz.:

"Third: Before constructing any business house, dwelling or other building a permit must be obtained from the City Council, and the plans and specifications shall accompany such application. The City shall have the right to correct such plans and specifications to conform with fire, safety, and sanitation regulations. *The City of Somerset shall have the right to designate the distance from inside the sidewalk to the front of any building business or residential* (We make the emphasis)."

Appellants now contend that the chancellor's judgment is prejudicially erroneous in its effect of sustaining the constitutionality of that part of appellees' municipal law set out above, in particular that feature giving the city "the right to designate the distance from inside the sidewalk to the front of any building, etc."

There is no dispute as to facts but only one as to law.

The city adopted the controversial ordinance in 1945. Appellants purchased their building site, which is 50 feet by 60.4 feet on March 25, 1947, and thereafter sought a permit for erection thereon of a building 34 feet by 48 feet. Appellees issued the permit but in it imposed the condition that appellants "set 25 feet back

from sidewalk.'' In other words, a 25 foot setback was required by the city under the power given by this ordinance, while only a 12.4 foot setback was permitted by the building plans proposed by the appellants. Although there is no claim that this ordinance has been singularly applied against these appellants in an unfair manner, yet the basic constitutional question was, as indicated, raised by appellants through this litigation. The appellants contend that this ordinance gives to city officials a power which *could be* arbitrarily exercised in a capricious manner rather than upon a basis of sound reason and appropriate impartiality.

Sec. 2, Ky. Constitution, declares no arbitrary power to exist over the property of freemen in our concept of government.

Long ago, we had before us a similar city ordinance posing a similar question of constitutionality, and in that instance we said that such an ordinance must be considered invalid because it prescribed no standard but, on the contrary, gave the city council an arbitrary power to make discriminatory rulings among the different citizens of the city, right in the face of parallel conditions perhaps to exist. See Commonwealth, etc. v. House, 177 Ky. 829, 198 S. W. 218. To become more specific, it is apparent that an ordinance of this character would empower city officials, merely by the imposition of their own singular conditions, to grant building permits to those who voted them into office or to deny the same to those who attempted to do the contrary. Even though these particular officials may rise far above such a shameful standard of public service, yet judicial approval should not be given to a situation such as this particular one that appears to be fraught with some evil possibilities that might ripen into life size realities in that day when the city's public officials change from men of highmindedness to those of contemptuousness. As Tennyson wrote, ''The old order changeth, yielding place to the new.'' And the court must recognize this truism and guard against all eventualities of any corrupt administration of public law in the hands of future governmental midgets.

By the weight of judicial authority in this country, it has been widely held that an ordinance which lays

down no requirements to be followed and no general and uniform rule is invalid because it leaves the granting of such a thing as a building permit to the sometimes arbitrary discretion of municipal authorities. See 19 R. C. L. 830.

Some later authorities of our own jurisdiction recognizing and perpetuating this same legal and constitutional principle we have been attempting to enunciate herein are those of Town of Jamestown v. Allen, 284 Ky. 347, 144 S. W. 2d 807, and City of Pineville v. Helton, 300 Ky. 170, 188 S. W. 2d 101.

Wherefore, for the indicated reason, we must now hold that the controversial part of the ordinance in question is unconstitutional and therefore invalid and therefore without any force or effect whatever.

The judgment is reversed for further proceedings consistent herewith.