Ned **TURNER**, Appellant,

v.

Ralph **PETERS**, Police Judge of City of Hazard, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1959.

S. M. Ward, Hazard, for appellant.

W. E. Faulkner, Hazard, for appellee.

EBLEN, Judge.

The appellant, who operates a junk yard on Main Street in Hazard, sought to

restrain the appellee, as police judge of that municipality, from proceeding under a warrant charging the appellant with operation of that business without having obtained the license required by certain city ordinances. It appeared from the pleadings and evidence that the licensing ordinances imposed an annual fee of fifty dollars, required the licensee to consent to the search of his premises by the police at any time and without a warrant, and the Mayor's approval of the location of the business, but without any standards prescribed for determination of the approval or disapproval of location; that the appellant tendered the fifty dollar fee and consented to the search of his premises but the Mayor refused to approve the location. The right to injunctive relief was based upon the asserted invalidity of that portion of the licensing ordinance requiring the Mayor's approval of the location without prescribing standards and the assertion that each day of operation without a license was a separate offense for which the minimum fine was so small as not to be subject to an appeal. The lower court held the licensing ordinances valid and dissolved the temporary restraining order that had been issued. This appeal is from that judgment.

The City concedes that the absence of standards governing the exercise of delegated power is usually fatal, but contends that such restrictions are not applicable to the location of junk yards and that the Mayor is performing a mere ministerial act in approving or disapproving a location.

It has been declared that the business of junk dealer has a potential danger to public peace, safety and health which renders it subject to reasonable regulation in the exercise of the police power. Mansbach Scrap Iron Co. v. City of Ashland, 235 Ky. 265, 30 S.W.2d 968. The public interest in having such businesses located where they will not create traffic hazards, offend the esthetics of the community, or otherwise conflict with a planned development, may be admitted. Even though adequate protection might demand rather extreme regulation in some instances, it would not warrant the arbitrary and unlimited power here conferred. The Mayor could refuse a location as to one applicant and approve the same location for a second applicant. Once the power vested in him received judicial affirmation, every approval or disapproval of locations by him would have to be sustained. Consequently, the ordinance in question, in requiring the Mayor's approval of the location without prescribing standards to guide him, is an unconstitutional delegation of power and a clear infringement of Section 2 of the Kentucky Constitution. City of Monticello v. Bates, 169 Ky. 258, 183 S.W. 555; Town of Jamestown v. Allen, 284 Ky. 347, 144 S.W.2d 807; Middletown v. Kavenedas, 298 Ky. 296, 182 S.W.2d 896; Colyer v. City of Somerset, 306 Ky. 797, 208 S.W.2d 976.

It follows that the appellant properly refused to pay the license fee so long as the Mayor's approval of the location was made a condition to the granting of the license. The judgment is reversed.