**Harry W. SCHNEIDER, as Mayor of the City of Covington, Kentucky, et al., Appellants,**

v.

**Wilbur WINK, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1961.

William B. O'Neal, Ralph P. Rich, Covington, for appellants.

Carl H. Ebert, Newport, Ky., for appellee.

CULLEN, Commissioner.

The City of Covington has an ordinance providing for the licensing of automobile trailer parks. Wilbur Wink purchased a tract of land in the city and made application for a license for a trailer park. The board of commissioners of the city denied the application on the ground that the establishment of a trailer park at the location in question, "in consideration of physical installation, topography and density of population at said location, and for other good and sufficient considerations, would jeopardize the public health, safety, morals and welfare of the inhabitants of the City of Covington."

Wink brought an action against the mayor and city commissioners alleging that the ordinance was unconstitutional and seeking an order of mandamus or a mandatory injunction directing that a license be issued to him. The court entered judgment holding the ordinance unconstitutional in part and ordering the issuance of a license. The city authorities have appealed.

The ordinance provides for the issuance of licenses by the board of commissioners, and with respect to the basis for determining whether a license shall be issued it states:

"* * * it shall be the duty of the Board of Commissioners to consider the application and determine whether or not the granting of the license would jeopardize the public health, safety, morals and welfare of

the inhabitants of the City of Covington. And they shall further take into consideration the topography and density of the population of the location applicable in the particular case."

■ It was the opinion of the trial court that the above quoted provisions of the ordinance did not prescribe sufficiently definite standards with which applicants must comply and by which the discretion of the board of commissioners would be controlled, with the result that the ordinance constituted an effort to vest absolute and arbitrary power in the board in violation of Section 2 of the Kentucky Constitution. The court relied upon such cases as City of Monticello v. Bates, 169 Ky. 258, 183 S.W. 555; Commonwealth v. House, 177 Ky. 829, 198 S.W. 218; Slaughter v. Post, 214 Ky. 175, 282 S.W. 1091; City of Pineville v. Helton, 300 Ky. 170, 188 S.W.2d 101; and Turner v. Peters, Ky., 327 S.W.2d 958. It is our opinion that the trial court reached the correct decision under these cases.

The appellants maintain that the ordinance here in question, in mentioning the factors of "topography and density of the population of the location," sets forth more definitive standards than the ordinances in the cases relied upon by the trial court and therefore should be upheld. However, in our opinion the mere direction that the board of commissioners shall "take into consideration" these factors supplies no actual standard at all, and adds nothing to the general direction that the board shall determine what effect the granting of the license would have on public health, safety, morals and welfare, because the latter direction necessarily contemplates that the board will consider all factors that bear upon health, safety, morals and welfare. The ordinance does not suggest what weight shall be given to the factors of topography and density of population, or what features of topography or what extent of density of population shall be significant.

The appellants further contend that trailer parks by their nature require close regulation. However, it does not follow that the standards therefore may be loose. The cases relied upon by the appellants deal with the granting of administrative discretion as to *details* of regulation and they do not negative the proposition that reasonably definite standards are required as a framework upon which to rest the detailed regulations.

■ The appellants introduced evidence upon the trial with the design of showing that the location of a trailer park upon the property in question would create a fire hazard by reason of the lack of adequate streets leading to the property; that it would result in overcrowding the schools in the area; and would create an acute traffic congestion problem. They argue that this shows the trailer park would be a public nuisance, enjoinable by a court of equity; that the prayer by the appellee for an order of mandamus or a mandatory injunction was an appeal to the equity powers of the court; that the court should consider all of the equities of the case and not authorize in this action the carrying on of an activity that could be enjoined in another action; therefore the court should have made a finding as to whether the trailer park would be a nuisance and should have entered a judgment based upon that finding.

Without regard to the question of what may be the proper equity powers and duties of a court in this type of proceeding, the fact remains that there is no basis for a holding that inadequacy of streets leading to a particular parcel of property, or an overcrowding of schools by reason of the number of persons occupying the property can make the use of the property a public nuisance. There is nothing in the evidence in this case that would warrant a finding that the proposed trailer park would be a public nuisance within the established meaning of that term.

The judgment is affirmed.