RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0350-MR

DWAYNE DOUGLAS CONKEN                          APPELLANT

|   | APPEAL FROM NICHOLAS CIRCUIT COURT |
|---|---|
| v. | HONORABLE JAY B. DELANEY, JUDGE |
|   | ACTION NOS. 22-CI-00036 & 23-CI-00078 |

NICHOLAS COUNTY FISCAL
COURT; DGS DEVELOPMENT, LTD;
JAY SCHELL; JEFF RANDOLPH;
KENNY HOLBROOK; MATT
HUGHES; MIKE WEBB; STEVE
HAMILTON; AND WAYNE SHIELDS             APPELLEES

AND

NO. 2025-CA-0351-MR

DWAYNE DOUGLAS CONKEN                          APPELLANT

|   | APPEAL FROM NICHOLAS CIRCUIT COURT |
|---|---|
| v. | HONORABLE JAY B. DELANEY, JUDGE |
|   | ACTION NOS. 23-CI-00078 & 22-CI-00036 |

NICHOLAS COUNTY FISCAL
COURT; DGS DEVELOPMENT, LTD;
JAY SCHELL; KENNY HOLBROOK;
MATT HUGHES; RODNEY
MATTHEWS; ROSS HANEY; STEVE
HAMILTON; AND TOMMY
CRAWFORD                                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Dwayne Conken appeals orders entered on February 14,

2025, and on March 14, 2025, by the Nicholas Circuit Court.  The orders affirmed

a decision of the Nicholas County Fiscal Court (Fiscal Court) to approve a

subdivision plat submitted by DGS Development, LTD (DGS), in 2023 over

Conken's objections and further held that a 2022 plat submitted by DGS in July of

2022, that was also approved by the Fiscal Court, to be arbitrary and

unenforceable.[1]  For the reasons stated, we affirm.

---

[1] Dwayne Conken filed Action No. 22-CI-00036 in 2022 in Nicholas Circuit Court challenging a subdivision plat submitted by DGS Development, LTD (DGS) that was approved by the Nicholas County Fiscal Court (Fiscal Court) on July 8, 2022.  While that action was pending, DGS filed another plat for the same property that the Fiscal Court also approved on September 8, 2023.  Conken also appealed that plat approval to the circuit court in Action No. 23-CI-00078. In Action No. 23-CI-00078, the circuit court entered an order on February 14, 2025, affirming the Fiscal Court's ruling on the 2023 plat and effectively reversing the Fiscal Court's approval of the 2022 plat, which was the subject matter of Action No. 22-CI-00036.  By order entered on March 14, 2025, the circuit court, *nunc pro tunc*, consolidated the two actions and further

-2-

## Factual and Procedural Background

In April of 2000, the Fiscal Court adopted subdivision regulations pursuant to Kentucky Revised Statutes (KRS) 100.273(2). DGS submitted an application for approval of a subdivision plat that was heard by the Fiscal Court in April of 2022. Conken, who owns a farm near the proposed subdivision, attended the meeting, objected to approval of the plat, and argued myriad ways the plat was non-compliant with the subdivision regulations. DGS subsequently withdrew the proposed plat. In June of 2022, the Fiscal Court Amended its subdivision regulations (first amended regulations) to essentially give the Fiscal Court the discretion to waive mandatory provisions of said subdivision regulations. DGS then resubmitted its plat, which was approved on July 8, 2022. Conken filed an appeal in the Nicholas Circuit Court on August 6, 2022 (Action No. 22-CI-00036).

While the action was pending in the circuit court, the Fiscal Court again amended its subdivision regulations (second amended regulations). DGS then submitted a new plat application for the same proposed subdivision on August 29, 2023. The Fiscal Court approved the application after a public meeting on September 8, 2023. Conken again appealed this action of the Fiscal Court to the

incorporated the court's ruling from the February 14, 2025, order into the March 14, 2025, order. Out of an abundance of caution, Conken appealed both orders. For purposes of our review, we have consolidated the appeals for judicial expediency as the appeals involve the same parties and issues.

Nicholas Circuit Court (Action No. 23-CI-00078). The circuit court heard the two cases together and entered an order on February 14, 2025, that upheld the final action of the Fiscal Court regarding the 2023 plat submitted by DGS. The circuit court also found that the first amended regulations of the Fiscal Court were arbitrary *per se* and that the Fiscal Court's approval of the plat submitted by DGS in July of 2022, was invalid and unenforceable. By order entered March 14, 2025, the circuit court consolidated the two actions into Action No. 23-CI-00078 and incorporated its ruling from the February 14, 2025, order into the March 14, 2025, order. These appeals followed.

**Standard of Review**

We agree with the circuit court that the actions taken by the Fiscal Court below regarding subdivision regulations per KRS 100.273(2), look to an administrative action or decision. *Trimble Fiscal Court v. Snyder*, 866 S.W.2d 124, 126 (Ky. App. 1993). As an appellate court, we step into the shoes of the circuit court when reviewing a final order of an administrative agency. *Landrum v. Commonwealth, ex. rel. Beshear*, 599 S.W.3d 781, 792 (Ky. 2019). Our role is to then review the administrative agency's decision for arbitrariness. *Martin Cnty. Home Health Care v. Cabinet for Health and Family Servs.*, 214 S.W.3d 324, 326 (Ky. App. 2007); *see also Am. Beauty Homes Corp. v. Louisville & Jefferson Cnty. Plan. & Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964).

-4-

However, in this case, the primary issues on appeal raised by Conken look to the interpretation and application of statutes or issues of law, for which our review is *de novo*. *Nash v. Campbell Cnty. Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011). Our review proceeds accordingly.

**Analysis**

We begin by noting that Conken's first two arguments in his brief center around the Fiscal Court's approval of DGS's subdivision plat on July 8, 2022. The circuit court looked to the first amended regulations that granted the Fiscal Court broad discretion. The circuit court specifically held that:

> [E]ach of these acts would grant the Fiscal Court with excessive discretion over ministerial acts. It has been widely held that an ordinance which lays down no requirements to be followed and no general and uniform rule is invalid because it leaves the granting of such a thing as a building permit to the sometimes arbitrary discretion of municipal authorities. *Colyer v. City of Somerset*, 208 S.W.2d 976, 977 (Ky. 1947). Therefore, the Court finds the first amended subdivision regulations to be arbitrary *per se* and DGS's subdivision plat approved by the Fiscal Court in July 2022 unenforceable. Subsequently, the Court finds the revocation of the July 2022 plat a "remedy provided by law" in accordance with KRS 100.285(4). With no previous plat remaining in force, the Court finds the Fiscal Court's approval of DGS's plat in September 2023 to be valid. Having found no violations of due process, the Court upholds the decision of the Fiscal Court taken on September 8, 2023.

February 14, 2025, Order at 15-16.

In other words, the circuit court reversed the Fiscal Court's approval of the 2022 plat, effectively revoking the plat, which was consistent with the relief sought by Conken in Action No. 22-CI-00036. In its brief, the Fiscal Court also acknowledges the first amended regulations were invalid and the July 2022 plat approval was void. Appellee's Brief at 5. Although Conken continues to argue the court's ruling on appeal, his argument has been rendered moot and no meaningful relief can be granted by this Court as concerns the 2022 plat. *See Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky. 2008). Thus, we decline to address the ruling on the 2022 plat which was consistent with the relief sought by Conken.

As concerns Conken's third argument, he contends the action taken by the Fiscal Court to approve DGS's plat application in September of 2023, is void because the Fiscal Court failed to provide proper notice of the hearing, and the Fiscal Court made no findings of fact in support of its September 8, 2023, final action on DGS's third plat application.[2] Notably, Conken does not make any argument related to the second amended regulations, but does cite to Section 171.4 of said regulations in support of his position, which provides that:

> The Fiscal Court, on its own initiative or upon
> petition by any citizen or neighboring property owner,
> prior to acting on a preliminary plat of a subdivision,

---

[2] Conken, also asserts the 2022 plat was not properly revoked by the circuit court. Again, we decline to address arguments related to the 2022 plat, as the issue is moot.

-6-

> **may** hold a public hearing thereon at such time and place
> and upon such notice as required by KRS Chapter 424.

(Emphasis added.)

Conken claims he had no notice of the September 8, 2023, hearing. This argument is unavailing. First, he cites no law to support what he believes should have been done by the Fiscal Court to afford proper notice. "It is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Second, the record before us shows the Fiscal Court published the dates of its meetings for the year and posted an online agenda for the September 8, 2023, meeting, days in advance. Notice was also sent to a local newspaper, but it is unclear if the newspaper actually published the notice. Further, the record on appeal reflects that Nicholas County Judge Executive Steve Hamilton also posted about the meeting on his public Facebook page two days prior to the meeting. Conken argues that Nicholas County Attorney Dawn Letcher agreed to let him know about any relevant upcoming proceedings and had done so up until September 8, 2023. However, Conken cites no authority in support of the proposition that the county attorney's informal, courtesy-based agreement to "let him know" was anything more than that. Conken also fails to show how this resulted in a deprivation of his due process rights. The time, place, and agenda were made public prior to the meeting. Moreover, Section 171.4 of the second

-7-

amended regulations, which Conken does not challenge, provides only that the

Fiscal Court *may* hold a public hearing related to a preliminary plat.

Conken also argues that KRS 100.167 requires the Fiscal Court to

make findings of fact. The statute reads:

> The **planning commission** shall adopt bylaws for the transaction of business, and shall keep minutes and records of all proceedings, including regulations, transactions, findings, and determinations, and the number of votes for and against each question, and if any member is absent or disqualifies from voting, indicating the fact, all of which shall, immediately after adoption, be filed in the office of the commission or board, as applicable. If the commission has no office, such records shall be filed in the office of the county clerk. A transcript of the entire proceedings of a **planning commission** shall be provided if requested by a party, at the expense of the requesting party, and the transcript shall constitute the record.

(Emphasis added.)

We agree with the circuit court that the statute is inapplicable to this

case as the Fiscal Court in Nicholas County has not created a separate planning

commission, and instead adopted subdivision regulations per KRS 100.273(2).

That statute reads:

> A county which does not wish to establish a planning program or form a planning unit may adopt regulations for the subdivision of land within its boundaries. In this case, the county shall be governed by the provisions of KRS 100.111(22), 100.277, 100.281, 100.283, 100.287 and 100.291, but any powers delegated to a planning commission in these sections shall instead

-8-

be delegated to the fiscal court, any reference to the planning unit shall be considered a reference to the county, and any reference to the chairman of the planning commission shall be considered a reference to the county judge/executive.

Under this statute, the provisions of KRS 100.167 are not applicable to the Fiscal Court. The Fiscal Court was not required to make findings of fact in addressing issues arising from subdivision regulations. Rather, the proceedings, including any actions taken or findings made, were required to be recorded as set forth in KRS 61.835, which pertains to open meetings of public agencies. The statute provides that:

> The minutes of action taken at every meeting of any such public agency, setting forth an accurate record of votes and actions at such meetings, shall be promptly recorded and such records shall be open to public inspection at reasonable times no later than immediately following the next meeting of the body.

*Id.*

The circuit court cited to the minutes made by the Fiscal Court at the September 8, 2023, hearing contained in the administrative record below to illustrate compliance with the statute. February 14, 2025, Order at 13. We agree with the court that the minutes recorded by the Fiscal Court of said meeting were made available to the public and were in compliance with the requirements of the statute. Therefore, the circuit court did not err in affirming the Fiscal Court's approval of the 2023 plat.

## Conclusion

For the foregoing reasons, the Orders entered by the Nicholas Circuit Court on February 14, 2025, and March 14, 2025, are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Bruce Simpson, Jr.
Lexington, Kentucky

BRIEF FOR APPELLEES
NICHOLAS COUNTY FISCAL
COURT; KENNY HOLBROOK;
MATT HUGHES; RODNEY
MATTHEWS; STEVE HAMILTON;
MIKE WEBB; JEFF RANDOLPH;
AND WAYNE SHIELDS:

D. Barry Stilz
Lynn Sowards Zellen
James E. Yeager, III
Lexington, Kentucky

BRIEF FOR APPELLEES DGS
DEVELOPMENT, LTD., AND JAY
SCHELL:

Jeffrey C. Mando
Shelbi L. Schultz
Covington, Kentucky