## Slaughter v. Post, et al.

(Decided April 27, 1926.)

### Appeal from McCracken Circuit Court.

1. Constitutional Law.—Under Constitution, section 2, arbitrary power cannot be conferred on city council in exercise of police or any other power it possesses.
2. Automobiles.—Gasoline filling station, properly constructed and operated, is not per se nuisance.
3. Automobiles.—City council may, by reasonable ordinances, establish zoning districts and define how gas filling stations may be constructed and operated.
4. Municipal Corporations—Arbitrary Power to Allow or Deny Gas Filling Station in Particular Place Cannot be Conferred on City Council.—Arbitrary power to allow or deny gas filling station in particular place, without any definite rule, cannot be conferred on city council, as it would empower council to deny equal rights to all citizens.

5.    Constitutional Law—Ordinance Conferring on City Council Power
      at Their Discretion to Grant or Refuse Permits for Gas Filling
      Stations Held Void (Constitution, Section 2).—Ordinance confer-
      ring on city council power at their discretion to grant or refuse
      permits for erection of gas filling stations is void as granting
      arbitrary power on council in violation of Constitution, section 2.

      ARTHUR Y. MARTIN for appellant.

      C. C. GRASSHAM for appellee.

      OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

      Mrs. Josephine F. Post, on March 15, 1925, leased
to the Diamond Petroleum Company a lot in Paducah for
fifteen years, as rent for which it agreed to pay her a
thousand dollars a year and had the right to make such
improvements on the lot as it desired for its use as a
gasoline filling station, and at the end of the term had the
right to remove its improvements. The rent was to
begin the day after the lessee obtained from the authori-
ties of the city of Paducah the right to erect a filling
station on the lot. The lessee agreed that it would not
permit to be erected or allow to exist on the property any
nuisance and that it would comply with the laws of the
state and city in all respects in the occupancy of the prop-
erty. Application was made to J. M. Slaughter, fire
chief of the fire department of the city, to whom the ex-
clusive privilege and authority of issuing building per-
mits for the construction of buildings in the city had been
intrusted by law, for a permit to build a house and its
necessary accessories on the property to be used in sell-
ing at retail gasoline, oil, water and air to the users of
automobiles, trucks and other gas engine driven vehicles.
The city council adopted an ordinance which provided in
substance that a gasoline filling station in the residential
section of the city of Paducah or within two squares of a
public school, was a public nuisance and should not be
permitted to be established; that no such gasoline filling
station should be located or built within the city limits
until application in writing was made to the mayor
and general council for a permit, which application when
filed should lie over for a period of two weeks and notice
of the application should be published in three issues of
a newspaper before the meeting at which the application
should stand for hearing, and the mayor and general

council should hear the application and all objections thereto. Then these words followed:

"And if it appears to said mayor and general council that the establishment or location of said gasoline filling station at the place proposed, is against the public health, public morals, public interest of the city of Paducah, Kentucky, or a nuisance, it shall refuse to issue a permit for the location, establishment or building thereof, provided, however, that no permit shall be issued for the location, establishment or the building of a gasoline oil or filling station within two squares of any public school building in the city of Paducah, Kentucky."

It will be observed that no permit should be issued for the establishment of a gasoline station within two squares of any public school building in the city and in all other parts of the city the establishment of such a station is to be determined by the discretion of the mayor and general council. The only rule to guide them in determining the question is whether the location of the gasoline filling station at the place proposed is "against the public health, public morals, public interest of the city of Paducah or a nuisance." The fire chief refused to issue the premit and Mrs. Post brought this action against him for a mandamus, compelling him to issue the permit on the ground that the ordinance of the ciy was void in that it conferred, in substance, arbitrary power upon the mayor and general council. The circuit court held the ordinance invalid and by mandamus ordered the fire chief to issue the permit. He appeals.

Article 2 of the Constitution of the state is in these words:

"Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."

In the City of Monticello v. Bates, 169 Ky. 258, the court had before it an ordinance of the city providing that no persons should erect any building in the town, "without the permission of the board of trustees of said town." Holding this ordinance void the court said:

"The rule is well established that municipal ordinances placing restrictions upon unlawful conduct or the lawful use of property must, in order to be valid, specify the rules and conditions to be observed

in such conduct or business, and must admit of the exercise of the privilege of all citizens alike who will comply with such rules and conditions, and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities between citizens who will so comply.'' Monticello v. Bates, 169 Ky. 266.

This was followed in Commonwealth v. House, 177 Ky. 829, where the court said this as to a like ordinance:

''It gives no effect to the character of the building and prescribes no standard with which the citizens must comply or by which the discretion of a council is to be controlled. On the contrary, it gives to the council the arbitrary power to discriminate between the citizens of the city by granting a permit to one and refusing a permit to another, although the circumstances and conditions may be exactly the same.''

It is earnestly insisted that these opinions are only applicable to the ordinary uses of property; that gasoline is highly explosive and that establishments for the sale of such dangerous instrumentalities are regulated by the police power. This view was taken by the Washington Supreme Court in State of Washington v. Lane, 129 Washington 646, 34 A. L. R. 500. But in that case there was a strong dissenting opinion holding the ordinance void because it left the matter to the arbitrary will of the city council and failed to give to all citizens the equal protection of the law. On the other hand the contrary conclusion to that of the Washington court was reached in Julian v. Golden Rule Co., 112 Kan. 671; Marshall v. Dallas, 253 S. W. 887; Foss v. Wexler, 242 Mass. 277; South Orange v. Heller, 92 N. J. Eq. 505; Standard Oil Co. v. Kearney, 106 Neb. 558, 18 A. L. R. 95; Keavey v. Randell, 122A 379; Yick Wo v. Hopkins, 118 U. S. 813.

The rule on the subject is thus stated in 18 R. C. L. 813, section 118:

''It is clear that if an ordinance is passed by a municipal corporation which upon its face restricts the right of dominion which the individual might otherwise exercise without question, not according to any general or uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the governing authorities of the

town or city, it is unconstitutional and void, because it fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of the municipal officers, who may exercise it in accordance with some principle which it would not be within the constitutional power of the state to sanction or even so as to give exclusive profits or privileges to particular persons.''

Under the Constitution arbitrary power cannot be conferred upon the city council in the exercise of the police power or any other power it possesses. A gasoline filling station, properly constructed and properly operated is not *per se* a nuisance. The city council may by reasonable ordinance establish zoning districts or define how gas filling stations may be constructed and how operated. But arbitrary power to allow a gas filling station on one man's property and disallow it to another, without any definite rule by which the city council is to be governed, cannot be conferred, for this would be to give it power to deny equal rights to all the citizens. The circuit court, therefore, properly held the ordinance void insofar as it conferred upon the council power at their discretion to grant or refuse permits for the erection of gas filling stations.

Judgment affirmed.