No. 12,821.

Starkey *v.* City of Longmont.
(15 P. [2d] 620)

Decided October 10, 1932.

Messrs. Grant, Ellis, Shafroth & Toll, for plaintiff in error.

Mr. Herbert M. Baker, Mr. Jacob S. Schey, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

This cause is before us on an agreed record. The par-

ties are hereinafter referred to as Starkey and the city, respectively.

Starkey was fined for violating a city ordinance by operating a gasoline filling station without a license. To review that judgment he prosecutes this writ.

The ordinance in question vested unlimited discretion in the city council to grant or refuse such a license. For that reason Starkey says it is void. It also provided that no license should issue for a station having no attendant in charge. Starkey says the court committed reversible error in rejecting his offer of testimony to the effect that said provision was unreasonable. That Starkey had no license and had never applied for one is undisputed. His counsel say the city did not prove that he operated such a station. We think the evidence on that point ample. That Starkey's reason for not applying for a license was that his was a ''self-serve'' or ''slot machine'' station is fully disclosed by the record. It required no attendant and lost its unique advantage if obliged to have one. The cause was tried to a jury which was instructed to return a verdict of guilty and fix the penalty. It fixed $75.

It seems unnecessary here to reexamine the foundations of the police power as applicable to this case, or the authorities which have repeatedly, and almost universally, sanctioned its exercise by municipalities in dealing with activities which may imperil public safety or morality (such as sale of dynamite and operation of dance halls) by vesting in their legislative bodies unlimited discretion to grant or refuse a license. There is no claim here that the discretion so vested was arbitrarily exercised, nor do we assume that it could be.

If the ordinary gasoline filling station comes within the rule of discretion, certainly a city council may hold that an attendant is indispensable. If it may so hold in the absence of an ordinance it may, of course, so enact thereby. If an ordinance which provided that no license will issue for such a station without an attendant in charge is valid, and the reasonableness thereof may not

be impeached by proof, then the business must be within the rule, and the discretion vested carries the right to refuse the license for the absence of such attendant. We therefore consider the two questions presented as one.

■ That such an ordinance, vesting such discretion in the licensing of an ordinary filling station, is valid has been held in Washington and California. *State ex rel. v. Fleming,* 129 Wash. 646, 225 Pac. 647, 34 A. L. R. 500; *Parker v. Colburn,* 196 Cal. 169, 236 Pac. 921. Kansas, Kentucky, North Carolina and Idaho have decided otherwise. *Julien v. Golden Rule Oil Co.,* 112 Kan. 671, 212 Pac. 884; *Slaughter v. Post,* 214 Ky. 175, 282 S. W. 1091; *Bizzell v. Board of Aldermen,* 192 N. C. 348, 135 S. E. 50; *Continental Oil Co. v. City of Twin Falls,* 49 Idaho 89, 286 Pac. 353. For the reasons stated in the opinions, and hereinafter given, we agree with the former.

■ In support of their position that the reasonableness of the attendant section is the subject of evidence, counsel for Starkey cite *Nance v. City of Cheyenne,* 56 Fed. (2d) 453, but we think that authority is against them. True, Circuit Judge McDermott, sitting in the United States district court, there heard evidence, but apparently the admissibility thereof was not questioned. Certainly it was not decided, and the opinion discloses that the court not only gave no weight to testimony of unreasonableness, but concluded that in such a case none should be given. He says: ''Where the question is fairly debatable as to whether there is propriety or wisdom in the passage of an ordinance, it is for the city council, and not the witnesses nor the court, to determine. Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856. * * * The question is not as to the amount of fire hazard in gasoline, nor is it whether the court believes that automatic stations are as safe as the ordinary station, nor is it whether some attendants are careless. The question is whether reasonable men may believe that the presence of an at-

tendant, who is presumably instructed as to the dangers of handling gasoline and methods of avoiding the same, will decrease the hazards incident thereto. Upon this question I have no doubt. * * *. It is agreed by all that children and intoxicated adults should not undertake to handle gasoline. Yet children and those under the influence of liquor may operate an automatic pump."

The same conclusion was reached by the Supreme Court of Nebraska in July of the present year. In an injunction suit to prevent a city from enforcing such an ordinance, a demurrer to the petition was sustained. Affirming the judgment the court said: "The petition challenges the validity of the ordinance by pleas of prohibition rather than regulation; of uncertainty, discrimination and unreasonableness; of invasion of personal and property rights under the guise of police regulation; of violation of due process clauses of Federal and State Constitutions. * * * The presumption is that the city lawmakers acted with full knowledge of the conditions relating to the subject of the legislation. * * * A filling station where gasoline may be procured with no attendant present to prevent delivery while a gasoline motor is running at close range, or where the driver of an automobile may operate the slot device and fill his gasoline tank while he is smoking, or where children may play with matches or fire when no one is present to protect or warn them, may well be regarded by city lawmakers as a place of public danger subject to a prohibitive ordinance. They determine the necessity for such legislation and their acts are valid, if within police power delegated to them." *Hawkins v. City of Red Cloud* (Neb.), 243 N. W. 431.

The judgment is accordingly affirmed.

Mr. Justice Moore not participating.