# Beacon Liquors v. Martin et al.

March 24, 1939.

As Extended on Denial of Rehearing May 19, 1939.

William B. Ardery, Judge.

Grover G. Sales, John Marshall, Jr., and Milliken & Handmaker for appellant.

Hubert Meredith, Attorney General, Harry D. France and William Hayes, Assistant Attorneys General, and Hal O. Williams, Lawrence S. Poston, and H. Appleton Federa for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing in part and affirming in part.

This case presents for our determination the constitutionality of Section 75 of the Alcoholic Beverage Control Law of 1938, being Section 2554b-177, Kentucky Statutes, Baldwin's Edition, 1938 Supplement, which section reads as follows:

> *"No retailing near school, hospital, church or other place of worship; exception.*—No license for the sale of alcoholic beverages at retail shall be granted for any premises which shall be located on the same street or avenue as, and within two hundred feet of a building occupied exclusively as a school, hospital, church or other place of worship without the written permission of the governing authority of such church, school or hospital, except that a hotel, drug store or private club which has been bona fide in business as a licensee at that location for not less than one year next preceding the passage of this Act or the establishment of said church, school or hospital, may be granted a license by the Administrator, in the exercise of his sound discretion, even though within less than two hundred feet of a building occupied exclusively as a school, hospital, church, or other place of worship. The measurement called for in this section shall be taken on the street or avenue on which the licensed premises are located in a straight line from the nearest property line of the real estate on which is located the building used for such school, hospital, church or other place of worship to the nearest property line, of the real estate on which is located the building for which a license is sought."

Appellant, Beacon Liquors, a Kentucky corporation, engaged in selling liquor at retail by the package to be consumed off the premises, is located on Fourth Avenue in Louisville, Kentucky, within 200 feet of the Fourth Avenue Baptist Church. The church refused to give written permission whereby the Alcoholic Beverage Administrator of the City of Louisville might grant a li-

cense to appellant, hence the Administrator refused to issue it a license to carry on its business. Suit was then instituted by appellant in the Franklin Circuit Court against the Alcoholic Control Board and the Alcoholic Beverage Administrators of the City of Louisville and of Jefferson County asking that the foregoing section be declared unconstitutional, and that the Alcoholic Control Board and the Administrators be enjoined from refusing to issue a retail package license to it. Upon a hearing of the case on motion for an injunction and upon its merits the chancellor refused the injunction, and adjudged that part of Section 75 which makes an exception in favor of hotels, drug stores and private clubs unconstitutional, and adjudged all other parts to be constitutional. The case is before us on an appeal from the judgment rendered by the chancellor.

To determine the constitutionality of the above quoted section we must decide two questions. First, does it grant exclusive privileges without any rational basis for classification? Second, does it delegate legislative power to churches, schools, and hospitals, contrary to the Kentucky Constitution?

Appellant admits the legislature has the right under its police power to regulate the sale of liquor, but contends the classification is arbitrary and grants special privileges to hotels, drug stores and private clubs in violation of Section 3 of our constitution which forbids exclusive privileges being granted to any man, or set of men, except in consideration of public services. The legislature may not put arbitrary and unnecessary restrictions upon lawful occupations under the mask of police power, but the restriction or regulation must be reasonably necessary to effectuate the results desired. Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385; Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205.

Due to the inherent evils connected with the liquor business, for years it has been subjected to the strictest regulation in this state, as well as all the other states of the Union, as to its manufacture, possession, transportation, sale and use. Regulations, which would be held to be arbitrary and unreasonable when applied to any other business, have been upheld by the courts in an attempt to exercise control over and restriction upon the liquor traffic. We have come to recognize control over the manufacture and sale of liquor is not a legal and eco-

nomic problem alone, but it is a momentous social problem which the state and nation have attempted to solve, and its solution seems as distant today as it was at the birth of the present century. Not being successful in controlling the liquor business by its police power, the national congress enacted the eighteenth amendment to the Constitution, U. S. C. A., which prohibited the manufacture, sale and transportation of intoxicating liquors for beverage purposes. After some fourteen years of national prohibition the twenty-first amendment to the Federal Constitution, U. S. C. A., was enacted whereby the eighteenth amendment was repealed, and the control of the liquor business was returned to the several states. Since the repeal of the eighteenth amendment, practically all states permitting liquor to be sold legally within their boundaries have again turned to their police power in an endeavor to regulate rigidly the manufacture, possession, transportation and sale of liquor.

In its argument that the exception in favor of hotels, drug stores, and private clubs is arbitrary and makes a classification without any rational basis, appellant cites Board of Council of Harrodsburg v. Renfro, 58 S. W. 795, 22 Ky. Law Rep. 806. In that case the City of Harrodsburg fixed the license at $900 per year for selling liquor on the Main Street of the town, while such a license was $600 per year for selling liquor on any other street in Harrodsburg. It is evident this ordinance of the City Council of Harrodsburg violated several sections of our constitution and it was so held. The distinction between a license case and the case at bar is so apparent we do not think it necessary to enter into a discussion of the Renfro case. It is sufficient to say that under our constitution, section 171, all taxation must be uniform within the entire territorial limits of the authority levying the tax. Appellant also cites Kentucky Board of Pharmacy v. Cassidy, 115 Ky. 690, 74 S. W. 730, 25 Ky. Law Rep. 102, holding drug stores cannot be given the exclusive right to sell patent medicine—the reason the court gave was that it took no skill to sell patent medicine and an ordinary merchant can do so as safely as a registered pharmacist. We can see no application of the Cassidy case to the case before us, as there is no reasonable basis for the arbitrary limitation of confining sales of proprietary medicines to drug stores. It would be as unreasonable to limit the sale of patent medicines to drug stores employing a registered phar-

macist as it would be to limit the sale of soap to such drug stores.

In Katzman v. Commonwealth, 140 Ky. 124, 130 S. W. 990, 30 L. R. A., N. S., 519, 140 Am. St. Rep. 359, an Act of the legislature prescribing regulations on retail druggists in the sale of dangerous drugs was held constitutional even though such restrictions were not applicable to wholesale druggists. And in Commonwealth v. Fowler, 96 Ky. 166, 28 S. W. 786, 16 Ky. Law Rep. 360, 33 L. R. A. 839, a special license tax placed on the sale of whiskey by a drug store for medicinal purposes was held not to be a revenue measure, but one to prevent abuses likely to follow the liquor traffic. The regulations in the Katzman and Fowler cases were held reasonable and proper under the police power and it was adjudged they were not in conflict with any provision of the state constitution.

It is not difficult to distinguish Commonwealth v. Smith, 163 Ky. 227, 173 S. W. 340, L. R. A. 1915D, 172, from the case at bar. Smith was prosecuted under an Act of 1914, making it an offense to have in possession intoxicating beverages except in one's private residence. The circuit court held the Act unconstitutional and the Commonwealth appealed. This court decided that a private individual's conduct, where it did not injuriously affect others, was not subject to regulation under the police power of the state.

Drug stores and hotels for many years in this state have been classified as proper dispensers of liquors as shown by the following excerpt from the opinion in Board of Trustees of Town of Newcastle v. Scott, 125 Ky. 545, 101 S. W. 944, 948, 30 Ky. Law Rep. 894:

"The natural status of the situation in this state, before any legislation on the subject, was that anybody had the right to sell liquors anywhere, to anybody, and at any time. The state has, upon the idea that the public peace, the public health, and the public morals demanded it, been gradually, but constantly, restricting the traffic. General laws now require licenses to sell at all. They are granted only to select persons, and only at selected places. The licensees must pay for the privilege, and engage against infractions of the law by themselves or at their places of business. But it is recognized that these precautions of a police nature are not

adequate always. So, by general law, it is provided that no license shall be granted to retail liquors in a rural community—that is, outside of an incorporated city or town—except to tavern keepers and druggists. So if there is not an incorporated city or town, or a licensed tavern keeper or druggist in a precinct or county, no matter how the vote may be on the subject of local option, by legislative fiat prohibition prevails there. It was not then necessary to have a vote of the people to authorize the sale of liquors; nor does their vote in favor of it authorize it in spite of the legislative will fairly exercised under the police power of the state."

Private clubs may be placed in the same classification as hotels, as both serve meals, and are occupied by guests and members on pleasure and business, and in some instances members of private clubs live therein. The use of liquor in a hotel or private club is seldom obnoxious to the general public. The sale of liquor by drug stores, hotels and clubs is only incidental to their other business and usually they have been able to escape the odium which is often connected with the liquor traffic. Under Section 75 of the Act, drug stores, hotels and private clubs are not given the absolute right to sell liquor within 200 feet of a building exclusively occupied by a church, school or hospital—they may be granted such a license by the Administrator in the exercise of his sound discretion.

We are asked why the legislature did not put restaurants in the same class as hotels, and grocery stores in the same class as drug stores, and permit them to sell liquor. Our answer is, it is within the province of the legislature to make such classification as it deems best under its police power, and we are not concerned with the wisdom of the Act of the legislature, but only with its constitutionality. If that classification is not so arbitrary as to be unreasonable, and is put upon a rational basis which is calculated to accomplish the protection of the public safety, health, or morals, the courts cannot interfere with it. It was said in Lakes v. Goodloe, Judge, 195 Ky. 240, 242 S. W. 632, 640:

"The Legislature selects a class and treats it separately, and the courts are not authorized to interfere on the ground that the classification is arbitrary, unless there is an inclusion of something which does not naturally belong to the class, or an

exclusion of something which naturally belongs to it.''

We are not prepared to say Section 75 of the Alcoholic Beverage Control Law is not somewhat arbitrary, and we are not prepared to say it does not grant exclusive privileges to hotels, drug stores and private clubs. But such exclusive grant is to a class and is not so arbitrary as to amount to an unreasonable classification. The legislature could have completely forbidden the sale of liquor on the same street and within 200 feet of a church, school or hospital; and having that power, it can determine under what regulations liquor may be sold within close proximity to these institutions. Jefferson County Distillery Company v. Clifton, Deputy Commissioner, 249 Ky. 815, 61 S. W. (2d) 645, 88 A. L. R. 1361.

We are unable to agree with the learned chancellor that the exception in Section 75 of the Act allowing hotels, drug stores and private clubs the right to obtain a license from the Alcoholic Beverage Administrator to sell liquor violates the Kentucky Constitution.

Appellant next contends that the Act by permitting churches, schools and hospitals to give their written consent for a liquor outlet to be established on the same street, or avenue, and within 200 feet of such institutions, amounts to a delegation of power to them by the legislature. On this subject 15 R. C. L. 304, says:

''Provisions for consent to, or remonstrance against, licenses, by residents or property owners within a certain area in which the proposed saloon is to be operated, bears something of a resemblance of local option legislation and have been uniformly upheld. Such a provision does not unlawfully delegate the power to grant licenses, or make an arbitrary or unjust discrimination between applicants, nor is it objectionable as conferring arbitrary powers on property owners.''

In support of this contention McCown v. Gose, 244 Ky. 402, 51 S. W. (2d) 251; Slaughter v. Post, 214 Ky. 175, 282 S. W. 1091; Tilford v. Belknap, 126 Ky. 244, 103 S. W. 289, 31 Ky. Law Rep. 662, 11 L. R. A., N. S., 708; State of Washington ex rel. v. Roberge, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210, 86 A. L. R. 654, and other like cases are cited by appellant. This same argument was made and many of these cases were discussed

and analyzed by us in the late case of Whitaker v .Green River Coal Company, 276 Ky. 43, 122 S. W. (2d) 1012, 1016, 119 A. L. R. 1456. There we held it was not a delegation of power by the legislature to require the owner of a mine to obtain the consent of the adjoining land owners before coal may be mined within five feet of such adjoining owners' line. We do not see the necessity of again going into a discussion of this question and reviewing these authorities as our conclusion must be the one we reached in the Whitaker case. We quote the following from that case:

"The ever-increasing complexity of modern business and social conditions demands that the courts exercise a liberal rather than a restrictive attitude toward legislative acts enacted pursuant to the police power inherent in the exercise of governmental functions and that such act should not be set aside lightly, but only when it is plainly violative of some constitutional provision.

"Increasing contacts, antagonisms and conflict of human interests have produced a growing general recognition of the desirability of the exercise of, and the necessity for, mutually cooperative action and restraint by fellowmen and neighbors for the common good and welfare of each other, as well as the general public, which more and more impels the courts to uphold police regulatory measures, the mere mention of which in the not far distant past would have caused a genuine case of constitutional 'jitters' on the part of lawyers and courts."

Appellants ask us to define a "school," a "church," and a "hospital," within the meaning of the Act and to say whether a reform school, or chiropractic school, comes within the meaning of the word "school"; and whether a tabernacle where temporary religious services are held comes within the meaning of the word "church"; and whether a home for the cure of habitual alcoholism is a "hospital." Such questions are not before us and we will defer passing upon them until presented.

We find no substance in appellant's argument that Section 75 of the Act violates Section 1 of the fourteenth amendment of the Federal Constitution, U. S. C. A. It cannot be said the right to sell liquor is a privilege which a State is forbidden to abridge. Bartemeyer

v. Iowa, 18 Wall. 129, 21 L. Ed. 929. Nor does the regulation of the sale of liquor deny one the equal protection of the law, or deprive one of property without due process of law. State of Kansas v. Bradley, C. C., 26 F. 289; Tanner v. Village of Alliance, C. C., 29 F. 196.

It being our opinion that Section 75 of the Alcoholic Control Law does not violate the Constitution of Kentucky, or the Federal Constitution, in any respect, therefore, we reverse that part of the chancellor's judgment which holds so much of the Act unconstitutional as excepts hotels, drug stores and private clubs from its provisions. In all other respects, the judgment is affirmed.

Whole Court sitting.