### Deckert et al. v. Levy.

June 25, 1948.

68

Davies & Hirschfield for appellants.
Morris Weintraub for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The question in this case is the authority of a city of the second class to limit by ordinance the number of retail beer licenses in the absence of regulations of the State Alcoholic Beverage Control Board to that effect, and where the office of City Alcoholic Beverage Control Administrator has not been created.

By an ordinance of November 15, 1946, the City of Newport placed a limit of 110 on the number of retail beer licenses. That number having been reached, the application of Nathan Levy for such a license was denied by the Board of Commissioners. A short time before, on March 30, 1948, the administrator of the malt beverage unit of the Alcoholic Beverage Control Board had issued Levy a license of that character. Ky. Rev. Stats. 243.040. Levy sued and obtained a writ of mandamus against the commissioners to issue him a city license upon the ground that a city can not limit the number.

The controlling features of this case are: (1) The State Board has never by regulations, general or specific, fixed a limit or quota upon the number of retail malt beverage licenses for Newport; and (2) the office of local or city administrator has never been created by Newport. These conditions distinguish the case from O'Brien v. Department of Alcoholic Beverage Control, 306 Ky. 238, 206 S. W. 2d 941. And the record is silent as to any qualification or activity of the County Judge as Liquor Administrator or the appointment of a special officer and as to any regulation of the Board for Campbell County.

We dispose of appellant's contention that the court had no jurisdiction to entertain this suit because the appellee was required first to appeal to the State Board. In the absence of a local administrator and action by such officer, the remedy of an aggrieved person is directly through the courts. Dunn v. Central City, 285 Ky. 482, 148 S. W. 2d 347.

The State has plenary police power to regulate and control traffic in intoxicating liquor, subject only to constitutional restrictions. There are none other than the bar of certain special legislation, and the provision for local option elections. Sections 59 and 61. Board of Trustees of Town of Newcastle v. Scott, 125 Ky. 545, 101 S. W. 944, 30 K. L. R. 894; Beacon Liquors v. Mar-

tin, 279 Ky. 468, 131 S. W. 2d 446; Ziffrin, Inc. v. Reeves, 308 U. S. 132, 60 S. Ct. 163, 84 L. Ed. 128, affirming Ziffrin, Inc. v. Martin, D. C., 24 F. Supp. 924.

The Commonwealth has assumed control in the enactment of chapters 241 and 243, KRS. The General Assembly has created a state board and conferred extraordinary powers on it and its administrators. In relation to the present issue, the statutes prescribe the duties of the Board to be: (1) To adopt reasonable regulations governing procedure and administration in the supervision and control; but they need not be uniform in application and may vary in accordance with reasonable classification, and (2) to limit in its sound discretion the number of licenses to be issued (a) in the state, or (b) any political subdivision. It may restrict locations by these regulations and it may by regulation make division and subdivision of the state or any political subdivision into districts and make different regulations for them. The constitutional validity and the construction of certain provisions of the statutes have been declared in Keller v. Ky. Alcoholic Beverage Control Board, 279 Ky. 272, 130 S. W. 2d 821; Ky. Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S. W. 2d 735; and O'Brien v. Dept. of Alcoholic Beverage Control, supra.

The power of the state to control and regulate the traffic in intoxicating liquor may be delegated or conferred by the Legislature upon municipalities, either in whole or in part. Even in the absence of a specific delegation, authority exists as an incident to the general powers of a city and its exercise is justified by the general welfare provisions of municipal charters, particularly in relation to the issuance of licenses and limitation on the number. Schwierman v. Town of Highland Park, 130 Ky. 537, 113 S. W. 507; Christian Moerlein Brewing Co. v. Roser, 169 Ky. 198, 183 S. W. 479.

It is usual for the state to share responsibility with its subordinate units of government, particularly with cities and towns, by extending concurrent or coordinate powers. Where there is a conflict in the authority or in its exercise, the state's action has supremacy. This is recognized in the Klein and O'Brien cases above cited.

General authority of cities of the second class to regulate intoxicating liquor may be found in the provi-

sion of their charters granting power to pass and enforce ordinances "not inconsistent with the law, as are expedient in maintaining the peace, good government, health and welfare of the city." KRS 84.150. Also, power to license business generally. KRS 84.190. Specific authority for the issuance of licenses for the privilege of trafficing in intoxicating liquor is given the several city legislative bodies by KRS 243.070. The only statutory limitations are (1) the licenses must correspond in their provisions to those issued by the state administrator and (2) on the amount of fees. There is no statutory limitation, either maximum or minimum, on the number of licenses which a city council or board of commissioners may authorize or issue.

The question we have here is whether there is any conflict between the use or exercise of powers delegated to the state board and its administrators as the state agency, on the one hand, and the use or exercise of the power delegated to the City of Newport by KRS 243.070 on the other. From its beginning to its end, the Alcoholic Beverage Control Act, chapter 241 of the Statutes, contemplates that its administration, except where there is specific statutory law or direction, shall be by and under regulations which set up standards of action that there may be uniformity and stability. Such regulations are given the force of law, in a large measure. Without promulgation of rules and conditions there is no guidance either for the officers or the public, particularly for those who come or desire to come within the operation of the statute. Those regulations are within the class which the statutes declare shall not become effective until filed in the office of the Secretary of State and published in "Kentucky's Administrative Code." KRS 13.020, 13.040.

The statutes provide that regulations shall be issued by the Board, but that the licenses shall be issued by the two Administrators. KRS 243.030, 243.040. In the absence of regulations, there is nothing to guide or control the Administrators in this function. Without such standards, there is a departure from the basic principle of a government "of laws and not of men." It is far enough that a board or individual officer may promulgate regulations which pinch off or, in some instances, supersede the authority of public bodies elected by the

people with constitutional powers of legislation, such as city councils or their substituted boards of commissioners or aldermen. It is going too far to say that such an administrative board or individual officer may act in contravention of local legislation, without having laid down any standard, established any rule or adopted any stable regulation. They may not act in a given case according to caprice or the whim of the moment, giving a right to one and denying the same to another.

We have an analogy in the cases which hold it to be arbitrary, and hence unlawful, for officers of a city to deny a building permit under an ordinance which prescribes no standard with which a citizen may comply or by which the discretion of those invested with power to grant or refuse the permit are to be controlled. Board of Trustees of Town of Bloomfield v. Bayne, 206 Ky. 68, 266 S. W. 885; Slaughter v. Post, 214 Ky. 175, 282 S. W. 1091.

It appears in the Klein and O'Brien cases that the Alcoholic Beverage Control Board had prescribed regulations fixing the quotas or limiting the number of licenses to be issued in Louisville and in Lexington. These we held were superior in effect to the action taken by city administrators and in the Lexington case to a city ordinance. But, as we have said, the Board has not established or promulgated any such regulation for the City of Newport. And the City has not chosen to exercise its option to create the office of City Alcoholic Beverage Administrator. KRS 241.160. Thus the state, through its agency, has not limited the number of licenses for the retail of malt liquors in that City. Therefore, it can not be said that the state has moved in and exercised its superior authority; hence, there is no conflict with the ordinance which limits the number. It must prevail. The action of the State Administrator in issuing a state license or permit does not make it mandatory on the city officials to violate its ordinance.

We are of opinion that the writ of mandamus was improperly granted. Wherefore the judgment is reversed.