## City Of Richmond et al. v. Collins.

June 14, 1949.

Geo. C. Robbins for appellants.

Andrew J. Ross for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellee, plaintiff below, was at the time of suit and had been for more than four years operating the Madison Drug Company store in Richmond, a fourth class city in which the sale of alcoholic beverages is legalized. On December 27, 1948, the State Control Board issued him a permit to sell whiskey by the package. On January 4 he made application to the proper city officers for a license, tendering the fixed annual fee of $300, and issuance was refused.

On February 28 he filed petition against the city and certain peace officers, asking temporary restraining order (which was granted) and permanent injunction against the officers from putting in force that portion of an ordinance which provides for a fine for selling alcoholic beverages contrarily to other provisions of the ordinance. In his petition he sets out in full two ordinances adopted December 6, 1948, and attacks the two sections which read:

"9. No commodities may be sold in any retail liquor store other than liquor except uncooled malt beverages and soft drinks, and tobacco products. Whereas: It would be unfair and discriminatory to permit any store already established and selling countless articles to have a retail liquor license when other licensees are limited to alcoholic beverages only:

"Now, therefore, Be it ordained * * * that: Any place of business selling commodities other than distilled spirits, wines, malt beverages or tobacco products shall be prohibited from selling distilled spirits and wines."

The petition alleges that it was announced by the council that the purpose of the ordinance was to prohibit drug stores from selling alcoholic liquor, that by prohibiting the sale, the ordinance attempts to regulate the business of drug stores which, under certain conditions he alleges he has met, are authorized by statute to be granted permits, KRS 243.320, for retail sale by the package. Specifically he alleges that the attempted regulation is void because the power to adopt regulations is in the city administrator, who had approved

appellee's application to the State Board, and that such regulations should not become effective until approved by the State Board. KRS 241.190.

Briefly the sum and substance of the petition, which in form met all statutory technical requirements authorizing injunctive relief, was that the action of the legislative body was discriminatory, arbitrary, not within the police power of the city, and was an attempt to exercise a power which had been by statute vested in the State Board, and the city administration.

Appellants did not answer, but filed general and special demurrers, the latter on the ground that the Madison circuit court was without jurisdiction. Later appellants moved to dissolve the restraining order and appellee moved to grant permanent injunction, and in this state of the record the case was submitted, the chancellor overruling both demurrers; defendant declined to answer; the court then permanently enjoined defendants from enforcing the penalizing portion of the ordinance in question. It may be noted that the chancellor declared invalid the "ordinances attacked in this action." We take it that this means only that portion of the ordinances set out above, the only portion objected to by appellee, and we are only considering these excerpts.

The record shows that proof was introduced by plaintiff by way of depositions which substantiated the allegation of his pleading. Defendants offered no proof. While both parties brief the case on merits, the main question, under the state of the record, seems to us to be whether the court had jurisdiction of the subject matter. However on merits, the trend of appellant's brief goes no further than to undertake to show the statutory power of the city to regulate various forms of business, which power has been somewhat restricted by statute in respect of licensing the sale of intoxicating beverages, and which by our opinions construing those statutes seems to have been delegated to the State and local boards, as authorized by the legislature, O'Brien v. Department of Alcoholic Control, 306 Ky. 238, 206 S. W. 2d 941; Deckert v. Levy, 308 Ky. 67, 213 S. W. 2d 431.

On the question of jurisdiction of the Madison Circuit Court, appellant's contention is that the State Board is vested with exclusive jurisdiction of appeals

from the order of local officers, with the right of appeal from the decision of the Board to the Franklin circuit court. It is argued that Sec. 241.200, KRS, controls the jurisdiction. That section provides that appeals from the orders of a city administrator may be taken to the board by filing a certified copy of the order of that officer with the board which shall hear the complaint as an original proceeding. Sections 243.550 and 560 provide the manner of conducting the hearing, and for appeal to the circuit court.

It is manifest from a reading of subsection (2) of 243.560 that an appeal from the order of the city administrator, who as is shown by the proof, approved appellees' application to the State Board, is allowed to "the person aggrieved" by the order, who must, if dissatisfied with the order, proceed by appeal "within ten days after the entry of the order." Here the plaintiff could hardly be dissatisfied with or aggrieved by the order approving his application. It was the province and duty of the City to prosecute appeal, or it might have appealed from the order of the State board granting the permit to appellee. Sec. 243.560(1), KRS. The City followed neither of these methods of procedure.

Counsel for appellant argues that the case of Martin v. Board of Council City of Danville, 275 Ky. 142, 120 S. W. 2d 761, is authority for sustaining his position. In that case Martin had filed request with the local administrator to approve his application for a county permit, and had met with refusal. He being "aggrieved" sought to have the circuit court issue mandatory order requiring the officer to approve his application. We held lack of jurisdiction in the circuit court because the appeal should have been taken from the order of the local administrator. That is not the situation here.

We are of the opinion that under the facts shown by the record, the Madison circuit court had jurisdiction of the subject matter. Mannini v. McFarland et al.. 294 Ky. 837, 171 S. W. 2d 631; Deckert v. Levy, 308 Ky. 67, 215 S. W. 2d 431; Goodwin et al. v. City of Louisville, 309 Ky. 11, 215 S. W. 2d 557, hence the court correctly overruled the special demurrer and sustained the motion for permanent injunction.

Judgment affirmed.