**CITY OF NEWPORT, Campbell County, Kentucky, a Municipal Corporation, Appellant,**

v.

**Louis TYE, Appellee.**

Court of Appeals of Kentucky.

May 6, 1960.

Thos. D. Hirschfeld, Newport, for appellant.

Louis Tye, Newport, for appellee.

CLAY, Commissioner.

This is a direct appeal from the police court of the City of Newport, authorized by KRS 26.090, from a judgment declaring invalid an ordinance of the city governing the manufacture, sale and traffic in alcoholic beverages within the city. The only phase of the ordinance attacked is a provision fixing a week day closing hour of 3:00 A.M. for the holder of a "Special Retail Drink License." Appellee was charged with violating this part of the ordinance.

As we read the judgment, it determined the city had no authority to (1) provide for a Special Retail Drink License, or (2) establish the hours within which alcoholic beverages may be sold without the approval of the State Alcoholic Beverage Control Board.

The ordinance (as amended in 1958) provided, among other things, for the issuance of a retailer's Regular Drink License and a retailer's Special Drink License. The license fee for the former was $400 per year and for the latter $900. The only difference in the business authorized under the two licenses was that the holder of the regular license could sell alcoholic beverages from 6:00 A.M. each week day to 1:00 A.M. the following morning, whereas, the holder of the special license could sell from 6:00 A.M. until 3:00 A.M. This classification was apparently based upon the difference between a "cafe" and a "night club."

KRS 243.070 empowers the legislative body of a city to impose license fees for the privilege of trafficking in alcoholic beverages. This statute provides "only such licenses may be issued as correspond, in their provisions and the business authorized, to the licenses provided for" in certain subsections of KRS 243.030 and 243.040. These statutes provide in this category for a "retail drink license."

The business authorized by the two types of retail drink licenses, as set forth in the ordinance is almost identical with that provided by KRS 243.250, which governs the state license. So these city licenses comply with KRS 243.070.

As before noted, the only difference in the business authorized by the two licenses is the difference in hours when the establishments may operate. The city simply

charges a higher license fee for those who wish to conduct their alcoholic beverage business for longer hours.

■ KRS 244.290 provides that cities of the first, second or third class "shall have the exclusive right and power, by ordinance duly enacted, to establish the hours and times within which distilled spirits and wine may be sold within its jurisdictional boundaries * * *." (This authority is subject to the prohibition of Sunday sales.) This statute clearly vests the city with discretion in fixing the operating hours of retail drink establishments.

■■ No attack is made upon the difference in operating hours under the two types of retail drink licenses. Appellee takes the peculiar position that the city cannot regulate hours except with the approval of the State Board of Alcoholic Beverage Control. The argument is that KRS 241.160 authorizes a city to create the office of City Alcoholic Beverage Control Administrator and KRS 241.190 provides that *no regulation of the administrator* shall become effective until approved by the State Board. We are at a loss to understand what possible relationship the statutes pertaining to the administrator have to do with this controversy. We are not confronted with a regulation of an administrator. We are dealing with a city ordinance.

Since KRS 243.070 authorizes a city legislative body to impose license fees for the privilege of selling alcoholic beverages by the drink at retail, and since KRS 244.-290 authorizes the city to establish the hours of sale, we can find no violation of the statutes by reason of the fact that the city issues two types of licenses to carry on the same retail drink business at different operating hours.

The ordinance is not invalid on either of the grounds asserted by appellee and accepted by the trial judge.

The judgment is reversed.