**SOUTHEASTERN DISPLAYS, INC.,**
**Appellant,**

**v.**

**Henry WARD, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Rehearing Denied June 2, 1967.

Bruce R. Hamilton, LaGrange, for appellant.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Department of Highways, Frankfort, Marshall B. Woodson, Jr., Sp. Counsel for Department of Highways, Louisville, for appellees.

MONTGOMERY, Judge.

Southeastern Displays, Inc., appeals from a judgment requiring it to remove a billboard sign. The judgment was in favor of Henry Ward and W. F. Knarr in their official capacities as Commissioner of Highways and District Engineer, respectively, of the Kentucky Department of Highways. Appellant contends that the Commonwealth of Kentucky has no authority to regulate a billboard sign in a city on property which has been zoned as industrial or commercial. It also contends that the Commonwealth cannot adopt regulations more prohibitive than the federal controls, that the regulations adopted are too vague and exceed the authority granted by statute, and that the sign reasonably complies with the Department of Highways regulations.

Appellant is engaged in the business of selling, constructing, and renting outdoor advertising of all types, including billboard signs. It owns a sign located just north of Parker Avenue in Louisville within 660 feet of the right of way of Interstate Highway 64, a part of the National System of Interstate and Defense Highways. The billboard was erected in June 1963, pursuant to a permit issued by the City of Louisville, Division of Building Regulations. The sign is on property zoned industrial.

This action was filed by appellant to prohibit appellees from having the sign removed as being in violation of the "Billboard Act" and implementing departmental regulations. See KRS 177.830 et seq. The constitutionality of the Act was upheld in Moore v. Ward, Ky., 377 S.W.2d 881. It was therein decided that the Act is valid as a proper exercise of the state police power and that the agreement entered into with the United States Department of Commerce, Bureau of Public Roads, concerning the construction of the interstate highway system in Kentucky did not constitute a relinquishment by the state of the right to exercise its police power.

Appellant contends that former 23 U.S.C.A., Section 131(b), deprived the state of its police power to control outdoor advertising. 23 U.S.C.A., Section 131(b), expressly provided that federal-state agreements shall not apply to segments of the interstate system which traverse commercial or industrial zones within the boundaries of incorporated municipalities. Under that statute the federal government was expressly excluded from such control in such areas. However, on October 12, 1965, Section 131 (b) was replaced by Section 131(d), which provides that states shall have full authority under their zoning laws to zone areas for commercial or industrial purposes.

■ The first federal statute mentioned deals with federal control but does not purport to limit the state's right of control. The succeeding statute expressly recognizes the state's right of control. Neither is construed as prohibiting the exercise of the state's police power.

■ The right of the state to establish standards imposing stricter limitations with respect to signs is recognized in 23 U.S.C.A., Section 131(k); in the National Standards promulgated by the Secretary of Commerce, 23 C.F.R., Section 20.10; and in the original agreement executed June 12, 1961, by appellee Ward, in his official capacity, and by the Department of Commerce. Accordingly, it is concluded that the state had authority under its police power to regulate outdoor advertising along interstate highways within the corporate limits of the municipality it created, which authority has been recognized by the Department of Commerce. KRS 177.863, dealing with roads of the Federal-Aid Primary System, has no

00

application to the National System of Interstate and Defense Highways and thus is not controlling. See 23 U.S.C.A., Sections 101 and 103, for definitions and distinctions in the two systems. See also KRS 177.830 (2) and (3).

 Appellant argues that the state cannot contravene the action of the city in zoning the area of the sign as industrial and permitting the erection and maintenance of the sign. The city's power to zone is derived solely from express authority conferred on the municipality by the state legislature. It has no inherent police power. Jones v. Russell, 224 Ky. 390, 6 S.W.2d 460; City of Somerset v. Weise, Ky., 263 S.W.2d 921. The city cannot exercise police power in enacting a zoning ordinance unless the right has been given by the legislature. Fowler v. Obier, 224 Ky. 742, 7 S.W.2d 219. In O'Brien v. Department of Alcoholic Beverage Control, 306 Ky. 238, 206 S.W.2d 941, it was held that the power of an agency of the state, when authorized by the state legislature, was superior to that of a municipality. Deckert v. Levy, 308 Ky. 67, 213 S.W.2d 431. The enactment of the "Billboard Act" delegated to the Department of Highways, an agency of the state, a right of control in the exercise of the state's police power in this instance which is superior to the right of the city to zone.

The "Billboard Act" provided for the adoption of regulations to carry out the provisions of the Act. The Act prohibited the erection or maintenance of any advertising device upon or within 660 feet of the right of way of any interstate highway unless such device complied with the regulations authorized by the Act. See KRS 177.-840(1) and 177.860.

The Department of Highways regulations permit the maintenance of an advertising device, such as appellant's, in a commercially or industrially developed area. Such area is defined therein, thus:

"Any area within 100 feet of, and including, any area where there are located within the protected area at least ten (10) separate commercial or industrial enterprises, not one of the structures from which one of such enterprises is being conducted is located at a distance greater than 1620 feet from any other structure from which one of the other enterprises is being conducted; * * *."

 Appellant argues that such regulation violates Sections 27 and 28 of the Kentucky Constitution, and is an unconstitutional delegation of legislative power to the executive branch of the government. A reading of the regulation indicates that it is in furtherance of the purpose of the legislation which specifically authorizes the adoption of such regulations. In the light of Butler v. United Cerebral Palsy of Northern Ky., Inc., Ky., 352 S.W.2d 203, such regulation is not an unconstitutional delegation of legislative power. Nor is the regulation vague and abstract. It contains various definitions and is specific in its terms in so far as this case is involved. It provides that signs located in protected areas, such as industrial or commercial areas, may be constructed and maintained.

 The Chancellor heard proof concerning the development of the area and concluded that it did not fall within the definition of "commercially or industrially developed area" wherein such sign was permissible. The Chancellor found that the area was not entirely zoned for commercial or industrial use as required by the statute. Part of the area was zoned residential. The Chancellor also found that there were not ten separate industrial or commercial enterprises whose structures were located at a distance less than 1620 feet from all of the other structures from which one or the other enterprise was being conducted. Appellant's contention that 1620 feet may separate any two of the enterprises is at odds with the purpose of the statute to limit billboards. Under the contended-for construction the ten business enterprises could extend for 16,200 feet. Such a construction would defeat the purpose of the Act.

**576**

The Chancellor's findings are supported by appropriate evidence. There is no reason to disturb them.

Judgment affirmed.

All concur.