**CITY OF BOWLING GREEN, Kentucky, Appellant.**

v.

**GASOLINE MARKETERS, INC., Successor to Red Ace Petroleum, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1974.

Whayne C. Priest, Jr., English, Lucas, Priest & Owsley, Bowling Green, for appellant.

John David Cole, Bowling Green, for appellee.

CATINNA, Commissioner.

The City of Bowling Green appeals from a judgment permanently enjoining the enforcement or applicability of Bowling Green City Ordinance No. 73–56, by the terms of which Gasoline Marketers, Inc., successor to Red Ace Petroleum, was denied a retail beer license.

On February 7, 1973, Arlie Sadler, city alcoholic beverage administrator, approved and certified the application of Red Ace for a retail beer license. Red Ace then filed its application with the Alcoholic Beverage Control Board seeking a state retail beer license. The Board approved the license on May 17, 1973, on the condition that it would be issued when Red Ace had completed remodeling the premises involved. On November 20, 1973, the Board issued a state retail beer license to Red Ace. This license expired June 30, 1974.

On February 28, 1973, Red Ace Petroleum Company became a part of Gasoline Marketers, Inc. The Bowling Green business was continued under the name of Red Ace Gas and Market.

On November 13, 1973, the City of Bowling Green adopted Ordinance No. 73–56 which provided in part as follows:

"That the following provision be adopted and added as subjection (c) of

Section 4–28 of the 1971 Code of Ordinances:

(c) In addition to the foregoing causes for refusal of the City Alcoholic Beverage Administrator to issue or renew a license to engage in the business of selling and dispensing of alcoholic or malt beverages at retail, by the drink or package, no such license shall be issued or renewed for any premises used as, in whole or in part, or in connection with the operation of any business or enterprise which has had more than 50% of its gross receipts for either the immediate past month or immediate past twelve months from the sale of gasoline and lubrication oil."

On November 20, 1973, the city administrator refused to issue a city license to Red Ace because more than 50% of the gross receipts were from the sale of gasoline and lubrication oil.

Red Ace filed this action contesting the validity of the ordinance under the Declaratory Judgment Act, KRS Chapter 418, and by a writ of prohibition as provided by KRS 84.140.

The court concluded:

"9. With regard to Bowling Green Ordinance # 73–56, the Court does not pass on the constitutionality of the ordinance, but holds as a matter of law that the ordinance is not applicable to the plaintiff in this action. That by virtue of the unqualified approval of the City Alcoholic Beverage Administrator and the plaintiff's reliance thereon, the city is estopped to enforce Ordinance # 73–56 against the plaintiff and that any such enforcement against plaintiff would constitute arbitrary and discriminatory action in violation of Section 2 of the Constitution of the Commonwealth of Kentucky and ex post facto legislation in violation of Section 19 of the Constitution of the Commonwealth of Kentucky."

The city was permanently enjoined from the enforcement or application of the ordinance to Red Ace and a writ of prohibition was issued to that effect.

While the constitutionality of Ordinance No. 73–56 was not submitted to the trial court, the permanent injunction and writ of prohibition were awarded because the enforcement of the ordinance would be in violation of Section 2 and Section 19 of the constitution of the Commonwealth. As the issue of constitutionality was not before the trial court, it was error to decide the case on these specific issues.

The renewal of retail beer licenses issued or in effect prior to this opinion or the subsequent granting of new licenses must be considered in relation to the prohibition contained in Bowling Green City Ordinance No. 73–56.

The judgment is reversed.