See also, Ky., 514 S.W.2d 685.

**CITY OF BOWLING GREEN, Kentucky, et al., Appellants,**

v.

**GASOLINE MARKETERS, INC., etc., et al., Appellees.**

Supreme Court of Kentucky.

May 28, 1976.

Rehearing Denied July 30, 1976.

Whayne C. Priest, Jr., English, Lucas, Priest & Owsley, Bowling Green, for appellants.

John David Cole, Cole, Harned & Broderick, Bowling Green, for appellees Gasoline Marketers, Inc. etc. and Pilot Oil Corp.

John D. Darnell, Frankfort, for appellee Kentucky Alcoholic Beverage Control Bd.

STERNBERG, Justice.

The City of Bowling Green, Kentucky, in its efforts to control trafficking in beer, enacted Ordinance No. 73–56, which prohibits the issuance or renewal of a beer license,

" * * * for any premises used as, in whole or in part, or in connection with the operation of any business or enterprise which has had more than 50% of its gross receipts for either the immediate past month or immediate past twelve months from the sale of gasoline and lubrication oil."

Gasoline Marketers, Inc., and Pilot Oil Corporation, appellees herein, applied to the City of Bowling Green for a 1974–1975 beer license. Both applications were refused by the city's alcoholic beverage control administrator because the premises of both applicants were gasoline service stations prohibited from having a beer license by reason of the city's ordinance. Each of the applicants appealed to the Kentucky Alcoholic Beverage Control Board, which granted licenses to both applicants over the city's objection. Thereupon, the City of Bowling Green appealed both decisions to the Franklin Circuit Court. The appeals were there consolidated, and on July 16, 1975, the trial court dismissed both of the appeals. That court held:

"The power to grant or deny the right to sell beer in gasoline stations lies within the express jurisdiction of the Alcoholic Beverage Control Board as the law is now written, and the City of Bowling Green may not by ordinance appropriate that authority. Bowling Green Ordinance No. 73–56 is void, since the municipality lacks authority to legislate with respect to the sale of beer by gasoline stations. *Bickett v. Palmer-Ball,* Ky., 470 S.W.2d 341 (1971); *Boyle v. Campbell,* Ky., 450 S.W.2d 265 (1970)."

On this appeal of the consolidated cases, the only issue presented is whether the City of Bowling Green, a city of the second class, has the authority to enact an ordinance prohibiting the issuance or renewal of retail beer licenses to gasoline stations. Counsel for appellants contend that the city does have this authority; on the other hand, counsel for appellees argue vigorously to the contrary.

While these two actions were making their way through the administrative agencies and the courts, there was pending in the Court of Appeals of Kentucky an action between appellee Gasoline Marketers, Inc., and the City of Bowling Green over the city's refusal to issue a city license for the

sale of beer. (*City of Bowling Green v. Gasoline Marketers, Inc.,* Ky., 514 S.W.2d 685.) The same ordinance was there under attack as is now under attack in the subject action. However, the Kentucky Alcoholic Beverage Control Board was not a party to that action, nor was it in privity with any of the parties to the action. The effect of *City of Bowling Green v. Gasoline Marketers,* supra, was merely to recognize that as between the city and the applicant there was no constitutional question presented and in the absence of a successful constitutional challenge, the ordinance will have to be recognized in considering renewals or the issuance of new licenses to sell beer.

In the subject action we are faced squarely with a challenge by the Kentucky Alcoholic Beverage Control Board of the authority of the city to enact and to enforce the subject ordinance. The answer to this question is not crystal clear. The control of the sale of intoxicating beverages in Kentucky is primarily regulated by KRS Chapters 241, 242, 243 and 244. The Kentucky Alcoholic Beverage Control Board is vested by statute with authority to supervise and control the sale and trafficking of alcoholic beverages, which include beer. To sell beer at retail a dealer must have the kind of license delineated in KRS 243.040. In addition, KRS 243.070 provides:

"The city legislative body of any city in which traffic in alcoholic beverages is not prohibited under KRS chapter 242 may impose license fees for the privilege of manufacturing and trafficking in alcoholic beverages. * * * "

■ Appellees' attack is twofold. First, appellees contend that the City of Bowling Green is without authority to enact such an ordinance and, second, they contend that the ordinance is not enforceable because it has not been submitted to and approved by the Kentucky Alcoholic Beverage Control Board. As to the latter attack, appellees argue that KRS 241.190 supports their position. The City of Bowling Green has, pursuant to the authority of KRS 241.160, created the office of city alcoholic beverage control administrator and the appellant, Ar-

lie Sadler, fills that office. The city administrator is empowered to make reasonable regulations which, to be effective, must be submitted to the Kentucky Alcoholic Beverage Control Board for approval. (KRS 241.190). That statute applies to regulations, not ordinances regularly adopted by the city legislative body. The legislative body of the City of Bowling Green enacted the challenged ordinance. It has not been adopted by the city alcoholic beverage control administrator as a regulation.

In *City of Newport v. Tye,* Ky., 335 S.W.2d 340, a similar contention was made, and in disposing of that argument, the Court of Appeals said:

"* * * Appellee takes the peculiar position that the city cannot regulate hours except with the approval of the State Board of Alcoholic Beverage Control. The argument is that KRS 241.160 authorizes a city to create the office of City Alcoholic Beverage Control Administrator and KRS 241.190 provides that *no regulation of the administrator* shall become effective until approved by the State Board. We are at a loss to understand what possible relationship the statutes pertaining to the administrator have to do with this controversy. We are not confronted with a regulation of an administrator. We are dealing with a city ordinance."

■ The limitation on the issuance of licenses to appellees is by ordinance and not by regulation of the city alcoholic beverage control administrator. The contention that the ordinance is not enforceable because it was not approved by the State Alcoholic Beverage Control Board, pursuant to the provisions of KRS 241.190, is without merit.

■ Appellees argue that the ordinance would effectively prohibit the retail sale of beer at gasoline service stations because more than 50% of its gross receipts would be from the sale of gasoline and lubricating oil. No regulation having the same or similar effect and no regulation prohibiting such limitation has been adopted by the Kentucky Alcoholic Beverage Control Board. The Kentucky General Assembly

has indirectly spoken on the subject. KRS 243.230(5) provides:

"No retail package or drink license for the sale of distilled spirits or wine shall be issued for any premises used as or in connection with the operation of any business in which a substantial part of the commercial transaction consists of selling at retail staple groceries or gasoline and lubricating oil. (2554b–129, 2554b–154: amend. Act 1944, ch. 154, § 33; 1972, ch. 96, § 3.)"

The limitation of KRS 243.230(5) is only applicable to distilled spirits or wine. It does not purport to regulate the sale of malt beverages. Had the General Assembly desired to so regulate the sale of malt beverages, it could have, at this point, very conveniently included malt beverages with distilled spirits and wine. We construe the action of the General Assembly in failing to include malt beverages as intentionally leaving this subject to the city legislative body.

■ Before discussing the opinions of this court relative to the subject matter, we need to keep in mind that as to the subject regulation we have neither statute nor state regulation undertaking to similarly control the sale of beer at retail. We have a city ordinance regulating its sale at a gasoline service station, and the city alcoholic beverage control administrator has not adopted the ordinance as a regulation. It is not necessary for its validity that it be adopted as a regulation.

In *Deckert v. Levy,* 308 Ky. 67, 213 S.W.2d 431, the question presented was whether the City of Newport, a city of the second class, had authority by ordinance to limit the number of retail beer licenses in the absence of regulations by the State Alcoholic Beverage Control Board and where the office of city alcoholic beverage control administrator had not been created. The City of Newport, by ordinance, had limited the retail beer licenses to 110. The state had issued a license to Levy for the retail sale of beer. The city denied the application because its quota had already been reached. Levy filed suit in the Campbell Circuit Court contending, successfully, that since the office of city alcoholic beverage control administrator had never been created and since the state board had never fixed a limit on the number of retail beer licenses in the City of Newport, the city was unauthorized to restrict the number of licenses for the sale of beer at retail. The question presented was whether there was any conflict between the state, on the one hand, and the city, on the other hand. The Court of Appeals held that the state had not acted and, in the absence of guidelines, its refusal to recognize the limits fixed by the city ordinance and its issuance of a license was arbitrary and unlawful. The difference between the facts in the *Deckert* case and the subject action is really a difference without a distinction. In the subject action the city alcoholic beverage control administrator had been appointed but had not taken any action toward adopting as his regulation the city ordinance. Consequently, the city administrator was not attempting to enforce any of his regulations. In the *Deckert* case there was no city administrator. Again, this is a difference without a distinction.

■■ There is no conflict between the subject ordinance and any regulation of the Kentucky Alcoholic Beverage Control Board. The city has spoken on the subject; the state has not preempted the subject. A municipal corporation possesses no powers except those expressly granted or those essential to the accomplishment of its declared objectives and purposes. Courts have no control over a city council as long as it acts within the scope of its express or necessarily implied powers, but if the council enacts ordinances without authority or contrary to the controlling laws in such matters or they are unreasonable, arbitrary, or oppressive, the courts may declare such ordinances invalid. *City of Somerset v. Newton,* 259 Ky. 195, 82 S.W.2d 306.

■ In the case at bar the city legislative body of a second class city has been given specific authority by KRS 243.070 to impose license fees for the privilege of trafficking

in alcoholic beverages, and that privilege is broad enough to include the right to regulate the nature of the premises from which beer can be sold.

The judgment is reversed for proceedings consistent with this opinion.

All concur.