**DENSON v. KUEHNE et al.**

No. 9742.

Court of Civil Appeals of Texas. Austin.

Nov. 17, 1948.

Rehearing Denied Dec. 8, 1948.

Louis Scott Wilkerson, of Austin, for appellants.

W. Trenckmann, of Austin, for appellee.

GRAY, Justice.

This suit was brought in the form of an action of trespass to try title by appellant, O. D. Denison, against appellees to recover the title and possession of a strip of land approximately 15 feet wide included within the description set out in an administratrix's deed to him. It lies north of and along the south boundary line as called for in that deed. Also, it is within appellees' enclosure and lies south of and along their north fence.

Denson claims the land because it is included within the description of a five-acre tract conveyed to him by the administratrix. Appellees base their claim of title to the strip on their allegation and asserted proof that: it was the actual intention of appellees' grantors to reserve a strip 15 feet wide along appellees' south boundary line for a road, and said grantors actually intended to extend appellees' east boundary line 283 feet north from the beginning point instead of 268 feet as is recited in the deed, and, therefore, they actually conveyed to appellees the strip of land here in controversy. Appellees further plead ten years limitation, oral gift and improvements made in good faith.

James D. Cole and wife, Glenna Mae Cole, intervened, alleging the south boundary line of a tract of land conveyed to them by O. D. Denson is the north boundary line of appellees' land as their said north boundary line may be determined to lie. These intervenors are aligned with O. D. Denson and will be herein referred to, with him, as appellants.

Appellants replied to the answer and cross-action of appellees by pleas of estoppel, acquiescence in and ratification of the sale of the land by the administratrix.

In a nonjury trial, the court rendered judgment awarding the land in controversy to appellees.

It is agreed Charles Wild and wife, Johanna Wild, are the common source of title. And it is undisputed they were owners of a 40-acre tract of land out of the George W. Spear League in Travis County, which was conveyed to them by T. E. Northcott and wife November 7, 1903, by deed recorded in Vol. 184, p. 288, Deed Records, Travis County. This land (40 acres) is referred to as the Northcott tract. Mr. and Mrs. Wild were the mother and father of appellee Mrs. Kuehne and the administratrix, Mrs. Lina Winkler. There appear to be other members of this family, but their names are not before the court and are not important here. Mr. and Mrs. Wild are both deceased; Mrs. Lina Winkler, at the date of the deed to O. D. Denson, was the administratrix of their estate, and the land sold to Denson was a portion of said estate.

By deed dated December 31, 1915, Charles Wild and wife conveyed to Mrs. Kuehne five acres of land out of the Northcott tract and described the same as:

"* * * a part of a tract of 40 acres of land conveyed to us by T. E. Northcutt and wife, Lela Ada Northcutt, Nov. 7, A.D. 1903, and recorded in Volume 184, on page 288 of the Deed Records of Travis County, Texas, and bounded as follows, to-wit: Beginning at the SE corner of said 40 acre tract, on the West side of the Fiskville Public Road, thence westerly with the South boundary line of said 40 acres 809.3 ft. to corner; Thence N. 29 degrees 50 minutes E. 268 ft. to corner; tence easterly parallel with South boundary line 809.3 ft. to stake for corner in the edge of Fiskville road; thence southwardly 268 feet to the place of beginning, containing five acres of land more or less."

Appellee Mrs. Kuehne testified the land described in the above deed was a gift to her. That she and her husband moved on the property in 1917, and have resided there continuously since. At the time they moved on the place, her father told them where to put the fence and it was put along the lines he directed. She did not know the north fence was not along the line called for in the deed until Mr. Denson and a surveyor came out and surveyed into her property. She also said that at the time her father gave her this land there was a fence along its south line and her father told her a strip of 15 feet from that fence was to be reserved as a road and her line was 15 feet from that fence.

Dr. J. M. Kuehne (appellee) testified he built the fences around the Kuehne land

under the direction of Charles Wild, who told him where to put them. Also, a hedge was planted along the north fence which is valuable as a windbreak for their home to the south. He further said he built a fence 15 feet north from the south line of the land; that Charles Wild told him where to put this fence and at the time said, "This is your line; this 15 feet does not belong to you."

The trial court found Charles and Johanna Wild marked the boundary of the land intended to be conveyed to Mrs. Kuehne by beginning at a point 283 feet north from the southeast corner of the 40-acre (Northcott) tract, and that this was not the result of any mutual mistake of the parties, but was a definite intention of the grantors.

 Since the northeast corner of the Kuehne tract is the beginning point of the land conveyed to appellant, we will notice the legal effect of the above testimony and the court's finding. When the description contained in the deed is clear and unambiguous, parol evidence is not admissible to show the grantors intended to convey land not described. The legal effect of the deed must be measured by what the grantors did regardless of what they may have intended to do. They having fixed the beginning point of the land conveyed by the deed as the southeast corner of the 40-acre tract, neither the intention of the grantors nor the belief of the grantees would move such beginning point 15 feet to the north. Scheller v. Groesbeck, Tex.Com.App., 231 S.W. 1092 (opinion adopted).

We have reached the conclusion that the correct disposition of this cause requires an application of well established principles of estoppel and ratification to the undisputed facts, and that such application will dispose of all issues here presented.

After Mrs. Winkler's appointment as administratrix of the Wild estate, Mrs. Kuehne corresponded with the other members of the family, and a meeting was then had at the Kuehne home. This meeting was attended by Dr. and Mrs. Kuehne and Dr. and Mrs. Winkler. It was then decided to sell the property and divide the proceeds of the sale. The administratrix made application to the probate court to sell the land, and pursuant to said application, and due authority from the court, executed and delivered to O. D. Denson a deed wherein the land conveyed is described as:

"Beginning at a point in the West line of the Fiskville Road (Dallas Highway) 268 feet north of the S line of said forty 40-acre tract, and being the N E corner of a tract conveyed to Mary Wild Kuehne by Charles Wild and wife, by deed dated Dec. 31, 1915, recorded in Vol. 293, page 617, Deed Records of Travis County, Texas;

"Thence northerly with the west line of said Highway 98 vrs. more or less to the S E corner of a five-acre tract conveyed to Lena Wild Winkler and C. E. Winkler by Charles Wild and wife, by deed recorded in Vol. 295, page 42, Deed Records of Travis County, Texas;

"Thence westerly with the S line of said Winkler tract 286.3 vrs. more or less to the S W corner of said Winkler tract;

"Thence southerly parallel to the W line of said Highway, 98 vrs. more or less to the N E corner of said Kuehne Tract;

"Thence easterly with the N line of said Kuehne Tract 286.3 vrs. more or less, to the Place of Beginning;

"Said land being in the Geo. W. Spear League."

Out of the proceeds of this sale the taxes and the lawyers were paid and the balance was divided. Mrs. Kuehne was paid her share. The court made a finding that Mrs. Kuehne accepted her share of the proceeds of the sale "but without knowing at that time or at any time prior thereto that such sale included the strip of land in controversy in this suit."

Mrs. Kuehne said that at a time prior to the conveyance of the five-acre tract to Mr. Denson, and at a time when he was at her house making an offer to purchase her property, she pointed out to him her north fence and told him the property he was buying (the five-acre tract) was north of that fence. This claim is consistent with her asserted ownership of the strip of land in controversy, but is not consistent with her subsequent action in accepting her proportionate share of the proceeds of its

sale. We do not think the court's finding as above quoted is controlling here.

■■ The exact time Mr. Denson and the surveyor came out and surveyed into her property is not shown, but we do not think the time is of any especial importance for she then knew her north line was not along, but was south of, the fence. With this knowledge she has accepted her proportionate share of the proceeds of the sale of the land she claims and to this date has retained it. Thus she has elected to adopt that part of the sale favorable to her but seeks to reject that part which is unfavorable. That she can not have the land and also the proceeds from its sale is so firmly established that we deem it sufficient to cite only the case of Stephenson v. Marsalis, 11 Tex.Civ.App. 162, 33 S.W. 383, where most of the arguments advanced by appellees are discussed.

■ If it be conceded that prior to the sale, appellees' claim to the strip of land in controversy had ripened into title and it was not subject to sale by the administratrix, we are not in position to here grant relief because having ratified the sale they can not now question its validity. Allen v. Berkmier, Tex.Civ.App., 216 S.W. 647 (Er.Ref.).

For the reasons stated the judgment of the trial court is reversed, and judgment is here rendered that appellant recover the title and possession of the land in controversy.

Reversed and rendered.